S<small>TATE OF</small> T<small>EXAS</small> v. W<small>ILLIAM</small> S<small>CHWARZ</small>.

No. 2057. Decided January 26, 1910.

</div>

**1.—Appellate Courts—Conflicting Decisions—Civil and Criminal.**

The Court of Criminal Appeals being the court of last resort in criminal matters, its decisions upon a question involving the penal laws, such as those prohibiting the sale of intoxicants, should be followed by the Civil Courts where the same question becomes incidentally involved in a civil proceeding. (P. 120).

**2.—Same—Intoxicating Liquors.**

The Court of Criminal Appeals having, in 1904, held void an election under the Local Option Law, ordered and held in seven of the eight justice precincts in a county, and the state, county and towns in such precincts having thereafter followed such decision in issuing licenses to liquor dealers in such territory, the ruling of that court on such question should be treated as authoritative by the District Courts and Courts of Civil Appeals, in a subsequent action to enjoin a licensed liquor dealer within such territory from pursuing his occupation, on the ground that the election in question was legal and prohibition of the business in the territory embraced was adopted thereby; and this although in a civil suit—contested election—the Supreme Court may have taken a contrary position on the same question of law. (Pp. 120–122).

**3.—Cases Discussed.**

Ex parte Heyman, 45 Texas Crim. App., 532, and Commissioners Court of Nolan County v. Beall, 98 Texas, 104, followed. and Griffin v. Tucker, 102 Texas, 420, limited. (Pp. 120–122).

*W. E. Murphy,* County Attorney *(B. F. Mitchell* and *Robt. E. Cofer,* of counsel), for appellant.

*J. T. Adams, Stuart & Bell,* and *Davis & Thomason,* for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

On the 18th day of July, 1903, the Commissioners' Court of Cooke County designated metes and bounds which embraced seven justice precincts in said county as a subdivision of said county within which an election should be ordered to determine whether or not the sale of intoxicating liquors should be prohibited therein. One justice precinct was omitted. The Commissioners' Court ordered the election to be held on the 8th day of August, 1903. The election was held in the manner provided by law. A majority of the votes cast were in favor of prohibiting the sale of intoxicating liquors within the designated territory. Returns of the election were made in due form and the result ascertained and published, putting into force in said territory the law prohibiting the sale of intoxicating liquors in said subdivision. No contest of said election was then or has since been had. Within a short time after the law went into effect Ed Heyman was in due form charged with the violation of said law. He procured from the Hon. W. L. Davidson, presiding justice of the Court of Criminal Appeals, a writ of habeas corpus which was made returnable to the regular term of that honorable Court, and, on the 20th day of January, 1904, the Honorable Court of Criminal Appeals discharged said Heyman from custody, holding the election void. From that time until the institution of this proceeding the State, county and towns in said county have issued licenses to persons permitting them to sell intoxicating liquors without regard to said election and the State, county and towns have collected the license taxes for selling such liquors within said territory at such places as had not been prohibited by previous elections. The State, by the county attorney of Cooke County, presented to the judge of the District Court of that county a petition for an injunction to restrain the appellee from pursuing the occupation of selling intoxicating liquors within said territory. The injunction was refused and the State appealed. The Honorable Court of Civil Appeals certified to this court these questions:

"First. In view of section 2 of the Act of the Thirtieth Legislature, pages 447, 448, amending article 3397, Revised Civil Statutes, and providing that all local option elections theretofore held, shall be conclusively presumed to be valid and binding, unless contested within sixty days from the date the Act took effect, will the defendant be heard to assail the validity of the election in this proceeding?

"If the foregoing question be answered in the affirmative, then

"Second. Is the decision of our Court of Criminal Appeals, in Ex parte Heyman, supra, binding upon our Civil Courts?

"If the second question be answered in the negative, then

"Third. Assuming the allegations of facts both in the petition and answer to be true, was the local option election alleged, for any reason, invalid?"

We answer the second question in the affirmative, which renders answers to the other questions unnecessary.

The practical effect of the decision of the Court of Criminal Appeals in the Heyman case, Ex parte Heyman, 45 Texas Crim. App., 532, was to annul the election therein in question. This result has been recog-

nized by the State, county and its towns. That court had jurisdiction of the subject matter at the time, and there is not and was not any court in this State with authority to revise its decision. The Heyman case was decided in January 1904, and in the succeeding June the case of Commissioners' Court of Nolan County in Beall, 98 Texas, 104, came before this court. In that case the question of the binding force of the decision of the Court of Criminal Appeals on the Civil Courts was carefully considered and answered in the affirmative.

We can not better express our reasons for the affirmative answer given than to quote from the opinion in the Nolan County case as follows:

"We are of opinion that the questions certified belong to a class which fall within the peculiar jurisdiction of the Court of Criminal Appeals, and in which this court should following the decisions of that court. . . . The local option laws of this State depend wholly for their enforcement upon the infliction of the penalties prescribed by the statute through the procedure provided for that purpose by our Code of Criminal Procedure. The prosecutions thereunder must be instituted and tried in the courts having criminal jurisdiction. Therefore we are of opinion that our local option statutes are strictly and essentially criminal laws, and, as such, primarily subject to the decisions of the criminal courts as to their validity and construction. Appeals lie in criminal cases to the Court of Criminal Appeals, as the court of last resort. Their decisions are final upon the questions determined by them, and settle the law in purely criminal matters, at least as to all inferior courts over which they exercise appellate jurisdiction. In like manner, the decision of the Supreme Court is final and authoritative over questions not involving the criminal laws. Such is the constitutional prerogative of the two courts. Neither is in any manner subordinate to the other. Yet there are criminal cases which may incidentally involve a question of civil law, and civil cases in which in like manner points of criminal law call for solution. For example, in a prosecution for theft, a question of the title to property may be raised. So, in a suit to recover damages for false imprisonment, a question may arise as to the right to make an arrest under the provisions of our Code of Criminal Procedure, which is a question of criminal law."

The independent jurisdiction of the two courts of last resort and the conflict are clearly stated in the Nolan County case as follows:

"Such being the jurisdiction of the two courts of last resort, and since, under the rule of the common law, the decisions of such courts are authoritative and controlling upon other courts, it occurs to us that when the amended judiciary article of our Constitution was framed and adopted—separating, as it does, the jurisdiction of the two courts of final resort by giving to the one jurisdiction of criminal cases only, and to the other civil jurisdiction alone—it was not contemplated that there would result a conflict of decision in the two courts which there was no provision for reconciling. On the contrary, we are of opinion that it was considered that, upon questions of criminal law which might arise in the Supreme Court, that court would bow to the decisions of

the Court of Criminal Appeals, and that upon those of civil law the latter would accept the rulings of the Supreme Court."

This court did not agree to the construction placed upon section 20 of article 16 of the Constitution by the majority of the Honorable Court of Criminal Appeals in that case, but concluded to follow it as the best solution of the conflict.

This case is based upon the same state of facts as the Heyman case and the principle upon which the doctrine of *stare decisis* rests furnishes a sound reason for the adherence of this court to the Nolan County case. (Burns v. Ledbetter, 56 Texas, 284.) The decision of the Honorable Court of Criminal Appeals practically annulled the local option election in Cooke County. The result was accepted by all parties and for years the State and county have acted upon that decision. Rights have been acquired under it and to revive that election now might involve men in serious prosecutions and subject them perhaps to heavy penalties for acts performed under the authority of the State. We believe that the decision in the Heyman case should be held to settle the result of that election. Since the decision of this court in the Nolan County case was made, the Legislature has enacted a law by which the violation of such laws may be enjoined by a proceeding on the part of the State whereby the power to enforce the local option laws is conferred upon the civil courts. (Acts 1905, p. 156.) The Thirtieth Legislature passed an Act by which all contests of election must be prosecuted in the District Court. (Acts 1907, p. 447.) Subsequent to the enactment of those statutes the case of Griffin v. Tucker, 102 Texas, 420, came before this court on certified questions which called for a construction of the same section of the Constitution as the Heyman case. Judge Williams carefull reviewed the authorities and this court held that under the changed conditions in the future this court will not follow the decision of the Court of Criminal Appeals on this question, closing with this specific statement of the future action of this court:

"Much more might be said upon the question, but we have sufficiently indicated the reasons which induce us reluctantly to disagree with the views of the majority of the Court of Criminal Appeals. . . ."

"Ordinarily this court follows the construction given to penal statutes by the Court of Criminal Appeals, since the enforcement of such statutes must be in accordance with such construction; but the decision of questions coming within the scope of cases of contested elections is intrusted to the civil courts, and must be in accordance with their own construction of the controlling constitutional and statutory provisions."