Ex PARTE CHARLES ANDREWS, Petitioner.—23 S. W. (2d) 95.

Court en Banc, December 30, 1929.

*Tatlow & Schwab* for petitioner.

*E. A. Barbour, Jr.,* for respondent.

RAGLAND, J.—Habeas Corpus. Petitioner was arrested on a charge that he had violated an ordinance of the city of Springfield, and is now constructively in the custody of the chief of police of that City, where he is held pending a trial. The ordinance he is charged with having violated, so far as pertinent, is as follows:

"Sec. 1. No person, firm or corporation shall engage in the business of transporting passengers for hire within the limits of Springfield, Missouri, without first obtaining from said city a license to carry on and engage in said occupation, for which license a charge shall be made as follows:

"$50 per year and $25 for six months, for each and every motor vehicle having a seating capacity of not more than seven passengers,

and used in the carrying on of said business of transporting passengers for hire.

"Sec. 4. Any person, firm or corporation violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, etc."

Petitioner is a resident of Springfield where he is engaged in the taxicab business: he owns and operates in his business of transporting passengers for hire within the limits of Springfield six motor vehicles: none of these vehicles has a seating capacity for more than seven passengers: he is required to pay to the State as a registration fee for each of said vehicles the sum of $10.50.

The petitioner contends that the ordinance just referred to is in conflict with a statute and therefore void.

The statute in question, in so far as it has a bearing on petitioner's contention, is found in Sub-division (c) of Section 24 of the Motor Vehicle Act passed in 1921, and is as follows:

"(c) Municipalities may, by ordinance, levy and collect license taxes from the owners of and dealers in motor vehicles and trailers, residing in such municipalities, and require the display of license plates (except that plates shall not be required in cities having a population of more than seventy-five thousand) but such license taxes shall not exceed one-half of the registration fee provided for herein, including the cost of plate and notarial fee. No such municipal license tax shall be collected from a resident of such municipalities for motor vehicles used exclusively outside of such municipalities, . . . provided, however, that municipalities may impose occupation taxes on the business of transporting passengers, freight and merchandise for hire carried on within their limits, and may measure such taxes by the number of motor vehicles engaged in such transportation; . . ." [Laws 1921, 1st Ex. Sess., p. 100.]

There was enacted at the general election held in 1924, through the Initiative, a statute which had for its principal objective the providing of additional funds for the completion of the State Highway system. Section 15 of that act provided for increases in the schedule of fees for the registration of motor vehicles. The section concluded as follows:

"License taxes levied on motor vehicles by municipalities of this State shall not exceed one-third (⅓) of the aggregate amount of the State registration fee as increased by this act including the cost of plate and notarial fee." [Laws 1925, p. 288.]

The measure did not purport to be an amendatory or repealing act, but it did provide that all laws or parts of laws in conflict with it was thereby repealed. Its only effect therefore on said Sub-division (c), above quoted, was to strike out "one-half" and insert in its stead "one-third (⅓)."

It is the petitioner's contention that "license taxes," found in the first part of said Sub-division (c), include "occupation taxes" dealt with by the proviso, and consequently that the statute prohibits municipalities from levying and collecting from the owners of motor vehicles license taxes, including occupation taxes, in excess of one-third of the registration fee exacted by the State. It is true that the term "license tax" may, and frequently does, include an occupation tax. "License tax" is used indiscriminately to designate impositions exacted for the exercise of privileges of all kinds. In order to get the exact content of the term as used in the statute, it should be determined what privilege is authorized to be taxed by the language: "municipalities may, by ordinance, levy and collect license taxes from the owners of and dealers in motor vehicles." Let us first look to the excise collected by the State. It exacts from every owner of a motor vehicle a registration fee. The statute in making this requirement may be in part a police regulation, but it is also a revenue measure. And there is no doubt as to the particular privilege taxed: it is the privilege of operating and driving a motor vehicle "upon the highways of this State." [Sec. 5, Motor Vehicle Act, supra.] The same statute authorizes municipalities to collect a license tax, one-third as much as the State exacts, from every owner of a motor vehicle who resides within the particular municipality *and uses his vehicle within the municipality*—for any purpose whether for business or pleasure. It seems entirely clear that the privilege so authorized to be taxed is one in all respects like the one taxed by the State itself—the privilege of operating and driving motor vehicles upon the streets and thoroughfares of the municipality.

The occupation tax referred to in the proviso is not a tax on the privilege of driving motor vehicles upon the streets of a city: it is a tax imposed on the privilege of conducting in a city the business of transporting passengers for hire in motor vehicles. It is not therefore included within the license tax which the statute limits to one-third of that collected by the State. This disposes of the single question raised by the petitioner.

The Motor Vehicle Act passed at the Extra Session in 1921 is not referred to in Ex parte Tarling, 241 S. W. 929: the transaction involved in that proceeding evidently occurred before the passage of the act. By adding the proviso in said Sub-division (c) the Legislature made it plain that it did not intend to include occupation taxes within the limit prescribed for license taxes. [See Ex parte Andrews, 18 S. W. (2d) 580.]

The petitioner is remanded to the custody of the chief of police. All concur, except *Walker, J.,* absent.