L. P. CARD, TAX COLLECTOR, v. C. F. SOUTER ET AL.

No. 6132. Decided July 19, 1932.
(52 S. W., 2d Series, 268.)

*Jesse E. Martin,* Criminal Dist. Attorney, and *Willis M. McGregor,* Assistant Crim. Dist. Atty., both of Fort Worth, for appellant.

Subdivision 23, Article 7047, R. S., 1925, as amended by 42d Legislature, p. 355, is in all things valid and enforceable as a tax measure and is not in violation of Section 8, Art. 2, of Constitution. Camp v. State, 135 S. W., 146; Pullman P. C. Co. v. State, 64 Texas, 279; Texas Co. v. Stephens, 100 Texas, 628, 103 S. W., 485; Ex parte Hutsell, 182 S. W., 458; Kehrer v. Stewart, 197 U. S., 60.

*J. C. Duvall* and *Alva W. Bounds,* of Fort Worth, for appellees.

On the proposition that the act involved is unconstitutional, appellees cite: Davis v. White (Civ. App.), 260 S. W., 138; Hoefling & Son v. San Antonio, 85 Texas, 228, 20 S. W., 85; Ex parte Jones, 38 Texas Crim. Rep., 482, 43 S. W., 513; Ex parte Overstreet, 39 Texas Crim. Rep., 474, 46 S. W., 825; Owens v. State, 54 Texas Crim. Rep., 112 S. W., 1075.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

The Honorable the Court of Civil Appeals for the Second Supreme Judicial District has certified the question, whether Subdivision 23 of Art. 7047, Rev. Civ. Stat., 1925, as amended by Chap. 212 of the Acts of the 42d Legislature, regular session, is constitutional. Said Subdivision 23, as amended, reads as follows:

"Coin Operated Vending Machines.—From every owner, manager, or exhibitor of every coin operated phonograph, electrical piano, electrical battery, graphophone, weighing machine, target pistol, miniature golf machine, miniature football machine, miniature baseball machine, miniature race track stereoscopic machine, gum machine, candy machine, cigarette machine, handkerchief machine, sandwich machine, or any other class or kind of machine, whether enumerated or not, where a fee is charged, which is used for the purpose of amusement, entertainment or for vending commodities, merchandise, confections, or service of any kind and which is operated by coins or metal slugs or tokens similar to coins, where such fee is in excess of Five (5) Cents, an annual tax of Ten Dollars ($10.00),

on each machine; where such fee is Five (5) Cents, an annual tax of Five Dollars ($5.00), on each machine; and where such fee is one (1) Cent, an annual occupation tax of One ($1.00) Dollar for each machine; provided that the provisions of this subdivision shall not apply to pay telephones and gas meters which are operated with coins. It shall be unlawful to operate, show or exhibit any of the machines or instruments covered by this subdivision without having annexed or attached thereto where same is plainly visible, the tax receipt covering such machine or instrument for the current year for which same is operated, shown or exhibited."

Subdivision 43 of said amended act makes any violation thereof a misdemeanor, punishable upon conviction by a fine not exceeding fifty ($50.00) dollars.

This precise question was considered by the Honorable Court of Criminal Appeals in Ex parte W. O. Walker, 121 Texas Crim. Rep., 145, 52 S. W. (2d) 268, and the conclusion reached that said Act is constitutional. Reference is here made to the opinion of Presiding Judge Morrow of that court and Judge Hawkins' opinion on motion for rehearing.

■ The decision of the Court of Criminal Appeals upon a question involving the penal laws should be followed by the civil courts; violations of the act in question are punishable by infliction of the penalties prescribed by the statute through the procedure provided for that purpose by the Code of Criminal Procedure.

■ The prosecutions thereunder must be instituted and tried in the courts having criminal jurisdiction. Appeals lie in criminal cases to the Court of Criminal Appeals as the court of last resort and its decisions are final and settle the law in criminal matters, at least as to all inferior courts over which it exercises appellate jurisdiction. Upon questions of criminal law which might arise in the Supreme Court, that court will bow to the decisions of the Court of Criminal Appeals and upon those of civil law the latter will accept the rulings of the Supreme Court. State v. Schwarz, 103 Texas, 119, 124 S. W., 420; State v. Savage, 105 Texas, 467, 151 S. W., 530.

In accordance with the holding of the Court of Criminal Appeals, we recommend that the certified question be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.