## EX PARTE JOE DAY.

No. 16917.   Delivered October 10, 1934.
Rehearing Denied December 12, 1934.
Reported in 76 S. W. (2d) 1066.

The opinion states the case.

*Polk Shelton* and *Henry H. Brooks,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

*Nelson Phillips* and *C. C. English,* both of Dallas, and *R. L. Batts* of Austin, amici curiae.

LATTIMORE, JUDGE.—This is a companion case to that of Ex parte Joe Day No. 16916,* opinion this day handed down. In this case, according to the terms of an agreement entered into in lieu of a hearing on testimony, it appears that appellant operated a marble machine for the purpose of vending amusement; same being a machine upon which, under the terms of chapter 116, Acts First Called Session, 43rd Legislature,—quoted in the opinion above referred to,—an annual occupation tax of one dollar was levied.  Practically the same contentions made in the other case appear in this, and we will not re-state what we said in our opinion in said former case.  The briefs are carbon copies.

The machine for whose operation, without display of the tax receipt for the current year, appellant is here charged,—vends, if anything, amusement,—of what kind or character we are not informed by testimony.  Every game of chance, every gaming table or bank, the keeping of which is made penal and in many instances a felony by the terms of our statute, vends amusement, as we understand it, the difference, if any, between those games and the one before us lying only in the fact that here to initiate the game a coin is dropped into a slot and a lever pulled.  We

see no reason at all why the Legislature may not in its wisdom and discretion discern much difference in kind and class between a sanitary drinking cup vending machine and a machine whose sole contribution to the operator is a chance that a marble propelled by springs may bound from these pins to those pins in its journey to some one of the several possible resting places provided. Such occupation contributes nothing to the health, safety, comfort, convenience or well-being of the public. We are unable to agree with appellant's contentions.

The judgment remanding appellant is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—For the reasons stated at some length in Ex parte Joe Day, cause No. 16916*, opinion on motion for rehearing this day handed down, and entertaining the same views as to the right of the Legislature to conclude there are reasonable and satisfactory distinctions between the machine claimed to have been operated by appellant in this case and other machines enumerated in House Bill 174, supra, the motion for rehearing in this case will be overruled.

*Overruled.*

*(Reported on page 367 of this volume.)