14978

## CAROLINA MUSIC CO., INC., *ET AL.* v. QUERY *ET AL.*
### (6 S. E. (2d), 473)

August, 1939.

314

316

*Messrs. C. T. Graydon* and *Odom, Bostick & Taylor,* for appellants,

*Messrs. John M. Daniel, Attorney General* and *Claude K. Wingate,* for respondents,

December 11, 1939.

*Per curiam.*

After a careful study of the record in this case, we are satisfied with the result of the Circuit Court decree, and direct that it be reported, omitting that portion thereof which deals with the position of appellants that the statute violates Article I, Section 8, Subsection 3 of the Constitution of the United States, U. S. C. A. (folios 166-170). This position has been abandoned by appellants.

The tax imposed by the statute attacked is more in the nature of a privilege tax than an occupational tax, though it partakes of both. And, of course, the tax attaches only to machines being operated—not to those in storage.

Except for the decision of this Court in *State v. Reeves,* 112 S. C., 383, 99 S. E., 841, 842, the position of appellants that the tax is not graduated as provided for in Section I of Article X of the State Constitution, would indeed be a most difficult one to overcome. It is possible, having regard to the considerations that led to the enactment of the law, that the tax in question can be related to the exercise of the police power. However, there is language in the above cited case which would tend to uphold the Act even outside of the police power.

The view that the constitutional provision as to graduated license charges is mandatory, in the light of the fact that the Constitution is not a grant of power, but a limitation of power, appeals to reason, but as already indicated, the *Reeves case* is against such view.

In that case (an emigrant agent case) defendant appealed to this Court alleging the trial Judge erred in refusing to quash the indictment, in that: "(1) * * * (2) it placed upon a business a license fee, which was not a graduated license fee, but a prohibitory and discriminating license fee, in violations of the provisions of Section I of Article X of the Constitution, * * * ." In passing on this exception Mr. Chief Justice Gary, writing the opinion of the Court, in which the exception was overruled, had this to say: "There is another reason why the statute is not unconstitutional, on the ground that it failed to provide for a graduated license fee. In section 1, art. 10, the word 'shall' is used in requiring provision to be made for a uniform rate of taxation; but the word 'may' is used in that part of the section referring to a graduated license on occupations. The context shows that the word 'shall' was intended to be mandatory, but that the word 'may' was merely advisory. This interpretation is in accordance with the rules announced in *Massey v. Glenn,* 106 S. C., 53, 90 S. E., 321. In that case the word 'shall' was used in one section of the Constitution, and the word 'may' was used in another and incon-

sistent section. The court held that—'In such a case the rule is applicable that, when two sections of a Constitution are inconsistent, effect will ordinarily be given to that which is in harmony with other provisions, rather than to that which is inconsistent with more than one provision.' "

In the light of the statements contained in the record reflecting the returns on the machines and the expense involved in connection therewith, we admit we have been perplexed as to whether the tax is confiscatory, but the thought occurs to us that these machines could be so located for operation that any tax would be confiscatory. In the same manner that Section 6347 of the Code economically regulates the number of poor or billiard tables in operation in the confines of municipal corporations, so will this statute economically regulate the number of these machines placed in operation.

All exceptions are overruled.