JONES FINE BREAD COMPANY ET AL V. THE
CITY OF GROESBECK ET AL.

No. 7598. Decided February 19, 1941.
(148 S. W., 2d Series, 195.)

*Scott & Wilson, Sleeper, Boynton & Kendall,* all of Waco, for appellants.

The trial court erred as a matter of law in dissolving the temporary injunction and in refusing to hold the ordinance in

question void. City of El Paso v. Jackson, 59 S. W. (2d) 822; Ex parte Baker, 127 Texas Crim. Rep. 589, 78 S. W. (2d) 610; Houston & T. C. Ry. Co. v. City of Dallas, 98 Texas 396, 84 S. W. 648. Ex parte Ernest, 136 S. W. (2d) 595.

*L. W. Shepperd* and *L. L. Green,* of Groesbeck, for appellees.

The ordinance in question is valid, just, reasonable and a lawful exercise of the police power in promoting health and suppressing disease in a city operating under the general laws of the State. Brown v. City of Cle Elum, 145 Wash. 588, 261 Pac. 112; Norfolk v. Flynn, 101 Va. 473, 62 A. L. R. 771, 99 Am. St. Rep., 918, 44 S. E. 717; City of Haskel v. Webb, 140 S. W. 127; 30 Texas Jur. 138.

*Cantey, Hanger, McMahon, McKnight & Johnson* and *R. K. Hanger,* of Fort Worth, *Terrell, Davis, Hall & Clements* and *A. V. Knight,* of San Antonio, *Berry, Neathery & Berry, Cole, Patterson & Cole* and *Bennett B. Patterson,* all of Houston, *Clark & Rice, Wm. H. Clark, Jr.,* and *Russell V. Rogers, Jr.,* all of Dallas, filed briefs as amici curiae.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The opinion of the Court of Civil Appeals for the Tenth Supreme Judicial District thus correctly states the nature of the suit and its result in district court.

"This suit was brought by Jones Fine Bread Company against the City of Groesbeck and its officers to enjoin the enforcement of a city ordinance requiring manufacturers of bread to pay an annual license and inspection fee as a prerequisite to selling bread within said city. Hilltop Baking Company intervened and sought the same relief. A trial before the court without a jury resulted in judgment denying the injunction. The plaintiff and the intervenor appealed."

The Court of Civil Appeals affirmed the judgment of the trial court, holding that the ordinance is not void on the ground that it seeks, contrary to law, to empower a municipal corporation to go beyond its limits and enforce the right of inspection of appellants' bakeries, and further that the ordinance is not an arbitrary or unreasonable exercise of authority, does not unlawfully discriminate in favor of local bakeries and against those situated outside the limits of the City of Groesbeck and does not constitute a taking of property without due process of law.

Pending disposition of appellants' motion for rehearing, the Court of Civil Appeals certified to the Supreme Court the question:

"Under the facts stated, were we in error in holding that the ordinance in question was not unconstitutional?"

The facts referred to in the question certified are those stated in the opinion of the Court of Civil Appeals, together with additional facts set out in the certificate, and are as follows:

"The city of Groesbeck is a municipal corporation incorporated under the general laws of Texas under the terms of Title 28 of the Revised Civil Statutes of 1925. The ordinance in question provides, in effect, that any manufacturer of bread, pies or doughnuts intended for human consumption desiring to sell such products within the city of Groesbeck must first allow his bakery to be inspected by the city health inspector and procure an annual license from the city authorizing it to do so. In order to obtain the license, he must pay an annual license fee of $12.50, and if the bakery is situated outside of the city of Groesbeck, the applicant must pay an additional sum of $2.40 per mile of distance that the bakery is from the city to cover traveling expenses of the inspector. The ordinance requires the inspector to make at least one inspection each month."

"In addition to the facts stated in our original opinion, the record discloses that appellants Jones Fine Bread Company and Hilltop Baking Company were the only bakeries selling fresh bread in the city of Groesbeck at the time of the trial in the lower court; that these bakeries are situated in the city of Waco, approximately forty miles from the city of Groesbeck; that they are inspected at intervals by officials of the State Health Department, and of the city of Waco, and of the Federal Government; that their employees receive regular tests from the health department of the city of Waco for contagious diseases, and said bakeries otherwise fully comply with the state health regulations; that each of such bakeries serve from 100 to 125 communities and municipalities located within a radius of from 50 to 85 miles from the city of Waco; that they were built and equipped to serve such trade territory; that the effect of the ordinance passed by the city of Groesbeck with its charge of $2.40 per mile per year as an inspection fee would be to destroy all profit on the business of such bakeries in the city of Groesbeck; and that if similar ordinances should be enacted and enforced by all other municipalities served by said

bakeries, the effect would be to destroy their business because the expense incurred for licenses and inspection fees would consume all profits and the annoyance incident to such frequent inspections would render it practically impossible for the employees to operate the bakeries."

■ After the question as to the validity of the ordinance of the City of Groesbeck was certified to this Court by the Court of Civil Appeals, the Court of Criminal Appeals, in an original application for writ of habeas corpus, was required to pass upon the validity of an ordinance of the City of Winters, which as a whole is substantially the same as the ordinance of the City of Groesbeck and which in its eighth section, requiring inspection and the payment of an annual license and inspection fee as a condition to selling bread in the city, is identical with section 8 of the City of Gresbeck ordinance. Fay Ernest was arrested under a warrant issued by the Corporation Court of the City of Winters upon complaint charging him with having unlawfully sold and delivered bread baked in a bakery located in the City of Fort Worth, Texas, the owner and operator of which had not obtained from the health officer of the City of Winters a permit or license to sell bread within that city as provided by Section 8 of the ordinance.

The validity of the ordinance of the City of Winters was in that case attacked on the same grounds as those urged in this case. The Court of Criminal Appeals deemed it unnecessary to decide the case on constitutional grounds, because of its opinion that the ordinance was invalid for want of power in the city under any legislative grant to pass such ordinance. It was held that neither Article 1015 of the Revised Civil Statutes of 1925, nor any other statute grants to cities incorporated under the general laws of the State authority "to exercise extraterritorial powers with reference to bread or any other commodity which extend into the confines of another city."

The conclusion finally stated in the opinion written by Judge Krueger and approved by the Court is:

"Having reached the conclusion that the ordinance in question, insofar as it authorized the city health officer of Winters to enter the domain of another city to inspect bakeries therein located and require the operator thereof to pay an inspection fee of $2.40 per mile as a prerequisite to sell its bread in said city is void, it is therefore ordered that the relator be, and he is, discharged." Ex Parte Ernest, 138 Texas Cr. App. 441, 136 S. W. (2d) 595.

The ordinance enacted by the City of Groesbeck, like that of the City of Winters, is penal. Section 9 makes it unlawful for any person, firm or corporation, to sell within the limits of the city, bread prepared, manufactured and baked in a bakery, the owner or operator of which has not obtained a permit as required by the ordinance, and Section 11 provides that the violation of any provision of the ordinance shall constitute a misdemeaner and that any person convicted thereof shall be fined in a sum not exceeding $100.00, each day of such violation being made a separate offense. The Supreme Court will follow the decision of the Court of Criminal Appeals as to the validity of the ordinance. Kadane v. Clark, 135 Texas 496, 143 S. W. (2d) 197; Card v. Souter, 122 Texas 77, 79, 52 S. W. (2d) 268; State v. Ferguson, 133 Texas 60, 68, 125 S. W. (2d) 272; State v. Schwarz, 103 Texas 119, 121, 124 S. W. 420.

We therefore answer the certified question in the affirmative.

Opinion adopted by the Supreme Court February 19, 1941.