### JONES FINE BREAD CO. et al. v. CITY OF GROESBECK et al.

### No. 2151.

Court of Civil Appeals of Texas. Waco.

March 20, 1941.

Rogers & Scott, W. E. Cureton, and Sleeper, Boynton & Kendall, all of Waco, for appellants.

L. L. Geren and L. W. Shepperd, both of Groesbeck, for appellees.

TIREY, Justice.

This suit was brought by Jones Fine Bread Company against the city of Groesbeck and its officers to enjoin the enforce-

ment of a city ordinance requiring manufacturers of bread to pay an annual license and inspection fee as a prerequisite to selling bread within said city. Hilltop Baking Company intervened and sought the same relief. A trial before the court without a jury resulted in judgment dissolving a temporary writ of injunction theretofore granted, and the plaintiff and the intervener have appealed.

The city of Groesbeck is a municipal corporation incorporated under the general laws of Texas under the terms of Title 28 of the Revised Civil Statutes of 1925. The ordinance in question provides, in effect, that any manufacturer of bread, pies or doughnuts intended for human consumption desiring to sell such products within the city of Groesbeck must first allow his bakery to be inspected by the city health inspector and procure an annual license from the city authorizing it to do so. In order to obtain the license, he must pay an annual license fee of $12.50, and if the bakery is situated outside of the city of Groesbeck, the applicant must pay an additional sum of $2.40 per mile of distance that the bakery is from the city to cover traveling expenses of the inspector. The ordinance requires the inspector to make at least one inspection each month.

Appellants assail the validity of the ordinance substantially on the following grounds: (1) That the ordinance is void because it seeks, contrary to law, to empower a municipal corporation to go beyond its limits and enforce the right of inspection of appellants' bakeries; (2) that the ordinance constitutes an arbitrary and unreasonable exercise of authority and discriminates in favor of local bakeries situated within the limits of the city and thereby constitutes a taking of property without due process of law. Appellants' contentions aforesaid were duly presented to the Supreme Court for determination by certificate and on February 19, 1941, the Supreme Court answered the certification that the ordinance was invalid. Jones Fine Bread Co. et al. v. City of Groesbeck et al., 148 S.W.2d 195. The question of law so determined by the Supreme Court controls the disposition of this appeal. Therefore, we hold that the ordinance in question is invalid; and the order of the trial court dissolving the temporary injunction is reversed and the application remanded to said court, with instructions to grant appellants the relief prayed for in their original application.