F. V. EDMONDS, an individual doing business as EDMONDS'; CHARLES STEPHOS, an individual doing business as THE COFFEE POT; HENRY RUGGERI, an individual doing business as RUGGERI'S; VIC'S BAR'B'Q, INC., a Corporation, Appellants, v. CITY OF ST. LOUIS ET AL.—156 S. W. (2d) 619.

Division Two, September 25, 1941.

Rehearing Denied, October 25, 1941.

Motion to Transfer to Banc Overruled, December 16, 1941.

*David Baron* and *Raymond M. Freed* for appellants.

*E. H. Wayman, Francis Finley* and *Carl R. O'Connor* for respondents.

ELLISON, J.—The plaintiff-appellants, who operate restaurants in the City of St. Louis, brought a class injunction suit in the circuit court of that city on November 15, 1939, against the defendants-respondents, to restrain them from enforcing Ordinance 71614, approved June 20, 1939, on the ground that it contravenes Sec. 1 of the Fourteenth Amendment, Constitution of the United States; six sections of the Missouri Constitution, hereinafter specified; and Secs. 7440 and 7744, R. S. 1939, Secs. 7287, 7596, Mo. Stat. Ann., pp. 5871, 6012. The ordinance levies a license tax of a flat sum per annum on automatic slot machines set in motion by the deposit of a coin or slug in any slot or receptacle attached thereto, and used for the purpose of delivering goods, wares or merchandise. The appellants use such machines in their restaurants for the sale of package cigarettes, having obtained them from the owners by lease or bailment. The circuit court sustained a demurrer to their petition; they refused to plead further; judgment went against them; and they have appealed.

The first four assignments contend that the sustention of the demurrer to the petition was erroneous because it stated a case of discriminatory taxation in violation of the Fourteenth Amendment, and Sec. 30, Art. II, and Sec. 3, Art. X of the Missouri Constitution. This is on the theory that appellants are also subjected to a license fee of $1 and an occupation tax of $1 per thousand on cigarettes sold, offered or displayed for sale at retail, by another ordinance, No. 41575, approved June 8, 1939, twelve days before the approval of Ordinance 71614, supra. Ordinance 41575 is set out in the petition and was sustained by this court in Ploch v. St. Louis, 345 Mo. 1069, 138 S. W. (2d) 1020. But by its own terms it expired on July 1, 1941. Insofar as appellants seek annulment of Ordinance 71614 and injunction against its enforcement because it superimposes taxes on those exacted by Ordinance 41575, the case has become moot, because the latter ordinance no longer exists. [State ex rel. St. Louis v. Hay (Mo. banc), 153 S. W. (2d) 837.]

Most of the other assignments may be grouped and discussed together. But before proceeding to that we take up three which must be disposed of separately. Ordinance 71614 is based on Article XX of the St. Louis Charter adopted in 1914. The latter provides that "Licenses may be imposed by ordinance upon . . ." Following that are listed "professions" and a large number of specified businesses, occupations and services. In a few instances it merely

names physical objects, such as private and public vehicles, private and public automobiles, street railway cars and bicycles. Of those thus named one is "slot machines." The four businesses immediately preceding are: Theaters, moving pictures, exhibitions, circuses; and the five immediately following are: dance halls, billiard and pool rooms, museums, shooting galleries, bowling alleys. Construing the Article, appellants say that in every instance, with the exception of the one classification "slot machines," it authorizes a tax on the privilege of engaging in the business or doing the thing named, or of using the object named on the public streets. As to slot machines, they assert the Article merely lists them and is devoid of implication that the tax is on the privilege of use. Thus they arrive at the conclusion that the Article imposes a property tax on slot machines, not a privilege tax; and that Ordinance 71614 must be construed in the same way because it cannot be broader than its basic authority.

This contention is wholly without merit. Article XX also merely names vehicles, bicycles and automobiles, yet appellants concede the Article means the *use* of them (on the streets) may be taxed. If this is true it is also true of slot machines, which are grouped with circuses, dance halls, etc., these latter being taxed on a privilege basis. [Ex parte Keane v. Strodtman, 323 Mo. 161, 166, 18 S. W. (2d) 896, 897(1).] So much for Article XX. Ordinance 71614 is clear on the question. The term "slot machine" is defined in Sec. 1 as heretofore stated; and Sec. 2 provides: "No person, firm or corporation shall operate or permit to be operated any slot machine in the City of St. Louis without having paid to the License Collector for each such machine" the tax specified. This obviously is a tax on the privilege of operating the machine, payable by the person, firm or corporation who operates or permits it to be operated.

Appellants further say the ordinance is void for uncertainty because it cannot be determined whether the tax must be paid and the license obtained by the owner of the slot machine or by its bailor or lessee; and who shall be subject to prosecution for violation of the ordinance. But here again the meaning of the ordinance is plain, so far as appellants are concerned. The tax must be paid and the license obtained by the operator of the machine, permissive or actual. The operator is the person, firm or corporation who exercises the privilege of managing or conducting the machine. [Webster's New International Dictionary; 29 Words & Phrases (Perm. Ed.), pp. 537, 584.] Appellants plead in their petition that they have obtained the machines by lease or bailment and conduct their cigarette businesses exclusively therethrough. That makes them the actual operators and answerable for a violation of the ordinance.

Another assignment is that the petition was not subject to demurrer, because it showed Ordinance 71614 contravenes Secs. 7744, R. S. 1939, Sec. 7596, Mo. Stat. Ann., p. 6012, and 7440, R. S. 1939,

Sec. 7287, Mo. Stat. Ann., p. 5871. The latter provides that no municipal corporation shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless the same be specially named as taxable in the charter, or unless the power be conferred by statute. Section 7744 provides that cities of 500,000 inhabitants or over, of which St. Louis is one, may license, tax and regulate the occupation of merchants and manufacturers, and may graduate the amount of annual license in proportion to annual sales. It has been held such license taxes *must* be graduated on that basis. The license tax imposed by Ordinance 71614 is not graduated on the annual volume of sales through the slot machines, but is a fixed sum for each machine: 50c per year for those actuated by the deposit of a one cent coin, and $2 per year for all others. Respondents answer the contention with reference to Section 7440, supra, by saying Art. XX of the St. Louis Charter does explicitly permit license taxes to be imposed on the privilege of using slot machines, as we have already held. As to Section 7744, supra, they say the tax levied by Ordinance 71614 is not a merchants occupation tax, but a privilege tax on the operation of slot machines of the character defined; and that it therefore need not be graduated on volume of sales. We shall discuss this second proposition later.

Appellants allege in their petition that said Ordinance 71614 and the tax levied thereby are: discriminatory; not uniform in operation; deny them the equal protection of the law; and constitute a special law, all in violation of the Fourteenth Amendment; and Secs. 4 and 30, Art. II; Sec. 3, Art. X; Subsections 2, 26 and 32, Sec. 53, Art. IV; and Secs. 23 and 25, Art. IX of the Constitution of Missouri. The common basis for these contentions is that the ordinance is directed only at persons, firms and corporations dealing in goods, wares or merchandise who sell the same through slot vending machines; thereby exempting those who sell the same articles by other methods, and also exempting those who merely sell service or entertainment through such machines, as by weighing, game playing, lung or strength testing machines, those furnishing telephone or toilet facilities, and those that dispense music, telescopic views, still or moving pictures, horoscopes, etc.

Appellants further contend that the ordinance not only discriminates generally against all vendors of goods, wares or merchandise through such machines, but also offends against the more limited class of retail cigarette dealers who dispense package cigarettes in that manner rather than manually. On the other hand respondents attempt to justify the ordinance for that very reason. In other words they say the sale of cigarettes is subject to regulation in the exercise of the police power because they are deleterious to health and induce nicotine addiction, citing Ploch v. St. Louis, 345 Mo. 1. c. 1076(2), 138 S. W. (2d) 1. c. 1023(2-6). We agree the law might even prohibit

altogether the sale of cigarettes through coin slot vending machines, because they enable minors to purchase without let or hindrance, Illinois Cigarette Service Co. v. City of Chicago, 89 Fed. (2d) 610, 111 A. L. R. 749; Brennan v. Seattle, 151 Wash. 665, 276 Pac. 886, 887. But, as said in the Brennan case just cited, that rule does not apply to pure revenue measures.

In our opinion Ordinance 71614 falls in that class. Subsection 23 of Sec. 1, Article I of the St. Louis Charter authorizes the city (italics ours) "to license *and regulate* all persons, firms, corporations, companies and associations engaged in any business, vocation, calling, profession or trade." The next subsection permits the city "to impose a license tax upon any business, vocation, pursuit, calling, animal or thing." Article XX, involved here, does not employ the usual formula used in statutes and ordinances authorizing the exercise of the police power in given circumstances. It does not say the city may license, tax and regulate the activities therein named. It merely provides "license taxes may be imposed by ordinance" upon them. But it contains an emergency clause declaring passage of the measure necessary for the immediate preservation of the public peace, health and safety. All the classifications in it are occupations, except private vehicles, private automobiles, bicycles and, possibly, slot machines (of that more later.) As to these the tax authorized may not be an occupation tax but it is a privilege tax. And it seems to have been recognized in Ex parte Keane v. Strodtman, supra, 323 Mo. l. c. 168-9, 18 S. W. (2d) l. c. 899(9), that a regulatory ordinance may be enacted under the Article.

But notwithstanding all this, it seems clear to us that Ordinance 71614 is a revenue measure, not a police regulation. The fact that it had an emergency clause did not make it an emergent police measure, State ex rel. State Highway Comm. v. Thompson, 323 Mo. 742, 755, 19 S. W. (2d) 642, 647(9). And besides, the emergency, if there was one, was to get revenue not to regulate mercantile sales. The ordinance broadly and unconditionally taxes the operator of slot vending machines dispensing any and all kinds of goods, wares and merchandise; and payment of the tax gives the right to operate the machine without the performance of any other condition, except to affix a tax receipt, in the form of an emblem, to the machine. There are no provisions for inspection of the articles sold. The tax does not tend to diminish their use; the ordinance is liberal doubtless with a view to producing revenue. Certainly it cannot be contended the sale through such machines, rather than manually, of useful and harmless commodities offered in the same packages either way, would be subject to police regulation in the one case and not in the other. At any rate, we hold the ordinance is solely a revenue measure, on this appeal which stands on appellants' petition and respondents' demurrer without any evidence showing anything that would characterize the

ordinance as a regulatory measure. [37 C. J., sec. 6, p. 170; State v. Parker Distilling Co., 236 Mo. 219, 248-9, 139 S. W. 453, 459; Hurt v. Cooper, 130 Tex. 433, 110 S. W. (2d) 896, 899.]

Whether the ordinance is a police regulation or a revenue measure, it cannot be arbitrary and discriminatory. If the former, it would be unconstitutional under subsection 32, Sec. 53, Art. IV of the State Constitution, City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1; also under the Fourteenth Amendment and Sec. 30, Art. II of the State Constitution, Glencoe Lime & Cement Co. v. St. Louis, 341 Mo. 689, 696, 108 S. W. (2d) 143, 146(5). As a revenue measure, it must be uniform in its operation. Sec. 3, Art. X, Constitution of Mo.; State v. Hallenberg-Wagner Motor Co., 341 Mo. 771, 778(4), 108 S. W. (2d) 398, 402(8). We have discussed and decided the question stated in the preceding two paragraphs because the latitude allowed a legislative body in making classifications in a pure revenue measure is more restricted, since the element of regulating particular businesses because of their nature is missing.

Appellants assert first that the tax imposed by Ordinance 71614 is not uniform because it is merely levied on a *method of making sales* of goods, wares and merchandise, with all consideration of police regulation omitted. In other words merchants who sell by machine are taxed whereas those who sell manually are not; and if there be a general merchants tax in the city, the latter class pay only that one tax whereas the former must pay both, with no logical or legitimate reason for the discrimination. There is authority sustaining appellants' view, in principle. Thus it is said in 37 C. J., sec. 62, p. 209, that "under a constitutional provision against double taxation, one license or occupation tax only can be imposed by the same branch of the government, at the same time on a person who pursues but one business or vocation, and, when a license tax to do a general business has been exacted, another license tax cannot be imposed for the doing of a particular act or series of acts constituting an integral part of such business." And in Ex parte Walker, 121 Tex. Crim. Rep. 145, 52 S. W. (2d) 266, 267(1) the determinative question was declared to be "whether the business pursued by the appellant is fundamentally of the same class as that named in the exception."

In Macke v. Commonwealth, 156 Va. 1015, 159 S. E. 148, the statute imposed a license tax on certain vending machines, but exempted merchants who had paid a merchants tax and who owned and operated such machines inside their stores for the purpose of making sales; thus indicating a view that the exaction of the license tax from those merchants would be double taxation. And in Rackley v. Stoutamire (Fla.), 180 So. 375, the statute levied a $5 license tax on all kinds of slot machines, but reduced it to $2 on merchandise vending machines located and operated in a place of business upon which a merchants license had been issued. In addition, there are two cases

directly in point: Ex-parte Richardson, 170 Cal. 68, 148 Pac. 213, 215, and City of Seattle v. Dencker, 58 Wash. 501, 108 Pac. 1086, 137 Am. St. Rep. 1076, 28 L. R. A. (N. S.) 446. In the latter, discrimination against sales by automatic vending machines and in favor of manual sales was expressly denounced as arbitrary and unreasonable. And the Richardson case held it would be just as logical to tax a tradesman solely because he used a computing scale or cash register in his business.

On the other hand respondents refer us to an Annotation in 111 A. L. R. 755, 756, which says "statutes regulating, as by imposing a tax or license fee upon, automatic vending machines or their proprietors, have been sustained in the comparatively few cases in which the question has arisen." The annotation cites part of the cases reviewed above, also some where the question was on discrimination between different kinds of machines, and some where the statute or ordinance was enacted under the police power. The decisions stressed by respondents are the Rackley case from Florida and Dunlap v. State, 16 Ala. App. 440, 78 So. 638. The Rackley case holds the license tax is not laid on the business of selling merchandise, but on the *use* of the vending machine. The Dunlap case agrees on the latter statement but admits the operators use them as or in their business.

If the business of selling merchandise through slot vending machines were fundamentally the same as that of a merchant, we would agree with appellants. But it is not. For over eighty years the statutory definition of a merchant has been substantially the same, under what is now Sec. 11303, R. S. 1939, Sec. 10075, Mo. Stat. Ann., p. 8062, to-wit (italics ours): "Every person, corporation or copartnership of persons, who shall deal in the selling of goods, wares or merchandise, including clocks; *at any store, stand or place occupied for that purpose*, is declared to be a merchant." But automatic vending machines may be located on the premises of another, as in arcades, hotel lobbies, railroad stations, restaurants or other frequented places. They may be operated without personal attention, and the stocks vended are necessarily restricted in character and quantity. In a sense, the space they occupy might be called a "stand or place," but not within the meaning of the statute. While a form of merchandising they are not integral parts of a mercantile establishment.

We therefore conclude the tax imposed on the operation of slot machines by Ordinance 71614 is not a merchants occupation tax within the meaning of Sec. 7744, supra, but is a privilege tax sanctioned by Sec. 7440, supra, and Article XX of the St. Louis Charter; and that the Board of Aldermen of the City of St. Louis were justified in making a separate classification of them. If a person, firm or corporation falls within two or more reasonably distinct classifications fixed by a statute or ordinance levying privilege taxes, both taxes must be paid. Thus one owning and using an automobile on the public

streets may be required to pay a privilege tax for that, and another for transporting passengers for hire in the same automobile. [Ex parte Andrews, 324 Mo. 254, 23 S. W. (2d) 95.] And a person collecting garbage who uses a vehicle on the street in that business, may be required to pay separate privilege taxes for both. [St. Louis v. Weitzel, 130 Mo. 600, 619(V), 31 S. W. 1045, 1050(5); St. Louis v. United Rys. Co., 263 Mo. 387, 447-8, 174 S. W. 78, 91; St. Louis v. Baskowitz, 273 Mo. 543, 561 (II), 575, 201 S. W. 870 879(6).] If vending machine operators were classed as merchants, their tax would be based on the volume of sales instead of less than one cent per day under Ordinance 71614, which imposes a tax of $2 per year on machines of this class. The discrimination in this instance is in their favor as a separate class.

Finally appellants contend that Ordinance 71614 is unconstitutional because it *subdivides* the classes specified in Sec. 7744, supra, and Article XX of the Charter (the former naming only merchants and manufacturers, and the latter merchants and slot machines) by: (1) discriminating against merchants who use slot vending machines as distinguished from those who do not; (2) similarly against cigarette dealers; (3) and similarly against those using slot vending machines selling goods, wares and merchandise, instead of machines furnishing only service or entertainment. It is further asserted that although Article XX makes separate classifications of merchants and slot machines, still that does not satisfy Secs. 23 and 25, Art. IX of the Constitution because they require the St. Louis Charter to conform to the law of the State. The cases cited on this assignment are Kansas City v. Grush, 151 Mo. 128, 52 S. W. 286, where a charter provision authorized a license tax on "merchants" and it was held double taxation to tax a commission merchant who had paid his general merchants tax; also Siemens v. Shreeve (Banc), 317 Mo. 736, 296 S. W. 415, where the charter specified "professions," and a license tax against architects alone was held invalid.

But in St. Louis v. Baskowitz, supra, 273 Mo. 543, 201 S. W. 870, the charter authorized a license tax against "merchants" and it was held the city could make a separate classification of "junk merchants." In Viquesney v. Kansas City, 305 Mo. 488, 499, 501, 266 S. W. 700, 703, 704, the charter permitted the taxing and regulation of "merchants," and an ordinance was upheld which made a separate class of gasoline merchants or dealers. In that case the opinion was supported by a per curiam on rehearing, which called attention to a provision of the charter sanctioning the division of the various enumerated occupations into different classes in the exercise of said taxing and regulatory powers. Ex parte Asotsky, 319 Mo. 810, 818, 5 S. W. (2d) 22, 25(2), reasoned the same way. And somewhat similarly the concluding paragraph of Article XX of the St. Louis charter provides (italics ours) "the foregoing enumeration shall not

be taken to affect or impair the general power of the City to impose license taxes upon any business, vocation, pursuit or calling *or any class or classes thereof* now or hereafter not prohibited by law." Further, subsection 2 of Sec. 1, Art. I of the Charter authorizes the City "to adopt such classifications of the subjects or objects of taxation as may not be contrary to law."

The rule of *ejusdem generis* has been applied in several cases to such catch-all provisions. This is partly because Sec. 7440, supra, forbids the imposition of a license tax upon any business vocation, pursuit or calling not specially named as taxable in the charter; also because it has been thought the taxation of less than the whole number included in a classification would discriminate in favor of those omitted. But the cardinal rule in all such cases is to ascertain the intent of the statute, charter provision or ordinance. We can see no reason for shutting our eyes to the last quoted provisions of the St. Louis Charter and holding flatly there can be no subdivision into classes of the activities named in Article XX. In refusing to do so we follow Automobile Gasoline Co. v. St. Louis, 326 Mo. 435, 445-6, 32 S. W. (2d) 281, 284(9). The preceding enumeration in the Article itself divides merchandising into that which is orthodox and that done through slot vending machines. The Charter leaves the question to the general law, and that only requires the classification to be reasonable in fact. When they are not, even a statute cannot make them so against the Constitution. [Ploch v. St. Louis, supra, 345 Mo. l. c. 1076, 138 S. W. (2d) l. c. 1023 (1); State ex rel. Daily Record Co. v. Hartmann, 299 Mo. 410; 424, 253 S. W. 991, 995.] There are numerous cases upholding the division of slot machines into different classifications. [Ex parte Walker, 121 Tex. Cr. Rep. 145, 52 S. W. (2d) 266; Card v. Souter, 122 Tex. 77, 52 S. W. (2d) 268; Ex parte Day, 127 Tex. Cr. Rep. 367, 76 S. W. (2d) 1060; Id., 76 S. W. (2d) 1066; Carolina Music Co. v. Query, 192 S. C. 308, 6 S. E. (2d) 473.]

We find no error in the ruling of the trial court and affirm the judgment. All concur.