City of Watseka, County of Iroquois and State of Illinois, a Municipal Corporation, Plaintiff-Appellant, v. Harold Wilson, Defendant-Appellee.

Gen. No. 11,092.

Second District, Second Division.
October 9, 1957.
Released for publication October 28, 1957.

Pallissard, Fleming & Oram, and Bell & Smith, all of Watseka, for appellant.

Harrison G. Shearon, of Watseka, and Fred L. Brandstrader, of Chicago, for appellee.

JUSTICE SOLFISBURG delivered the opinion of the court.

An ordinance of the city of Watseka makes it unlawful "to operate or maintain" without license any automatic vending machine for the sale of candy, peanuts, soft drinks, popcorn, gum, cigarettes, or other merchandise. Harold Wilson was employed by Leonard P. Leverich, doing business as Canteen Service Company of Urbana, Illinois, to service such automatic vending machines owned by Leverich. He was arrested while servicing an unlicensed machine in Watseka and was found guilty and fined by a police magistrate. On appeal to the Circuit Court of Iroquois county he was found not guilty.

A direct appeal to the Supreme Court was sought on the ground that the validity of a municipal ordinance was involved and the trial judge had certified that in his opinion the public interest required a direct appeal. In its opinion, City of Watseka v. Wilson, 11 Ill.2d 265 the Supreme Court stated (pp. 266–7): ". . . it appears that what the trial court decided was that only the owners of the machines could be considered to 'operate or maintain' them within the meaning of the ordinance. . . . What the trial court decided was that the ordinance did not apply to the defendant, and what was involved in that decision was a construction of the ordinance, and not a determination of its validity." Since the ruling of the trial judge involved a construction of the ordinance rather than a determination of its validity, the Supreme Court held that a direct appeal did not lie to that Court and transferred the cause to this court.

In accordance with the mandate of the Supreme Court we are to review that which was decided by the trial judge, namely: whether the ordinance applies to the defendant in his role as agent of the owner of the vending machine.

The ordinance reads in part as follows:

"Sec. 274: (License Required) No person, firm or corporation shall operate or maintain in said City any automatic vending machine for the sale of candy, peanuts, soft drinks, popcorn, gum, cigarettes, food stuffs or other merhandise without having first obtained a license for each automatic vending machine as provided in this article."

■ The record shows that the defendant, Harold Wilson, had been servicing the vending machines of his employer in Watseka once or twice a week for the past four years. By stipulation, it appears that neither defendant nor his employer had secured a license for any vending machines in Watseka at the time of the defendant's arrest. The duties performed by the defendant in servicing the vending machines included the filling of the machines with the foodstuff, recording the sales and proceeds and the cleaning of the device. The ordinance provides that anyone who shall "operate or maintain" such a machine must have the same license. The language of the ordinance is all-inclusive and makes all the "operate or maintain" automatic vending machines liable, whether an employee, agent or owner. We consider the words "servicing" and "maintaining" to be synonymous. The efforts of the defendant Wilson were clearly servicing or maintaining the vending machines.

■ The fact that Wilson happened to be the agent of Leverich does not relieve Wilson of liability. Agents as well as principals can be made subject to licensing requirements and charges. One cannot transact a business and be relieved of a license fee applicable thereto by showing that he is the agent of another. An employee convicted of carrying on such an activity without a license is convicted not for his employer's acts but for his own. Independent Warehouses, Inc. v. Scheele, 331 U. S. 70, 88, 91 L. Ed. 1346, 1361, 67 S. Ct. 1062; Edmonds v. City of St. Louis, 348 Mo.

1063, 156 S.W.2d 619, 622; Sec. 26.44, McQuillin on Municipal Corporations (Third Ed., 1950) Vol. 9, p. 93.

The judgment of the Circuit Court of Iroquois county, Illinois is reversed and the cause remanded to the Circuit Court with directions to enter judgment in favor of the City of Watseka and against the defendant, Harold Wilson.

Reversed and remanded.

CROW, P. J. and WRIGHT, J., concur.