**Henry P. RUGGERI, Jr., d/b/a Ruggeri's, et al., Appellants,**

**v.**

**The CITY OF ST. LOUIS et al., Respondents.**

**No. 54023.**

Supreme Court of Missouri, Division No. 1.

April 14, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied June 16, 1969.

Charles S. Sigoloff, J. E. Sigoloff, St. Louis, for plaintiffs-appellants.

Gary M. Gaertner, City Counselor, Aubrey B. Hamilton, Associate City Counselor, St. Louis, for defendants-respondents.

JAMES A. MOORE, Special Judge.

Plaintiffs for themselves and as representatives of a class sought a judgment declaring Ordinance No. 54944 of the City of St. Louis unconstitutional, null and void, and enjoining defendant city, its license collector, and its comptroller from enforcing the same. The ordinance establishes a Convention and Tourism Bureau for defendant city and, among other things, imposes an additional tax upon the gross receipts of hotels, motels, and restaurants. Plaintiffs are all individual or corporate restaurateurs. The bases of their six-fold attack upon the ordinance are hereinafter set forth.

Defendants jointly answered, admitting the factual allegations of the petition, denying the conclusions contained therein, and praying a judgment declaring the ordinance valid and constitutional. Thereupon, plaintiffs moved for summary judgment. The motion was argued and the case submitted upon the pleadings and the ordinance appended to the petition, which ordinance and the charter of defendant were marked as exhibits.

The trial court announced its conclusions, denied plaintiff's motion for summary judgment and declared the ordinance to be valid. From this judgment, seventeen plaintiffs appealed. (Six of them have subsequently dismissed their appeals). We affirm.

The subject ordinance was passed during the pendency of an appeal involving a prior ordinance of similar subject matter, "to remove the defects held to have existed in the previous ordinance." However, neither trial court nor trial counsel had the benefit of the decision and opinion of this court in Ruggeri v. City of St. Louis, Mo., 429 S.W.

2d 765, decided in the month following Judge Mayfield's judgment in the instant appeal.

Plaintiffs-appellants assert the trial court erred in holding the ordinance to be valid, specifically assigning error for the following:

1. Because the title to the ordinance contains more than one subject.

2. Because the ordinance attempts to delegate legislative authority to an administrative body.

3. Since the appropriation of tax monies for promotion of conventions and tourism and its use by the Bureau contravened charter requirements.

4. Because the city has no power to levy and collect, as a license fee, a tax on restaurants to promote conventions and tourism.

5. Because the city has no authority whatever to levy and collect taxes for such purposes.

6. Because the ordinance violates the city charter in designating the mayor as a member and chairman of the Bureau.

Defendants-respondents meet these points head-on and add that the constitutionality of the ordinance is presumed.

## I

### TITLE OF THE ORDINANCE

█ Plaintiffs cite Article IV, Section 13 of the Charter of the City of St. Louis which provides: "No bill * * * shall contain more than one subject, which shall be clearly expressed in its title." It is not contended that the detailed, if not prolix, title fails to describe the subject matter. Rather the criticism leveled is that the title embraces four subjects unrelated to each other: the establishment of a Bureau, the levy of a tax, the establishment of a fund, and appropriation of monies. We agree with defendants' position that the ordinance deals with but one subject, the encouragement of conventions and tourism, and that each of the four "subjects" is in reality but a separate facet of the prime subject—a scheme, a plan, a design to promote conventions and tourism.

## II

### DELEGATION OF LEGISLATIVE AUTHORITY TO AN ADMINISTRATIVE BODY

█ Section 2 of the ordinance authorizes and directs the Bureau to do various things to implement the general purpose of the ordinance—the fostering and development of the city as a convention and tourist center. Plaintiffs rely upon the decision of this court in Automobile Club of Missouri v. City of St. Louis, Mo., 334 S.W.2d 355, 83 A.L.R.2d 612, and an invidious comparison of this ordinance with the powers of the State Tourism Commission under Sections 258.300–258.330 V.A.M.S. (Laws 1967, p. 368) and especially the last cited section of the act. Fully recognizing the rule as to delegation of powers well enunciated by Hunter, J., speaking for this court in Automobile Club of Missouri and not unmindful of the ancient maxim, *delegatus non potest delegare,* we hold that the ordinance contains sufficient criteria or guidelines to satisfy criticism on a constitutional basis. It is not needful, at this time, to inquire into the "liberal trend" or even inapplicability of the doctrine of unlawful delegation of legislative authority in the case of municipal corporations.

## III

### APPROPRIATION AND USE OF TAX MONIES CONTRA CITY CHARTER

█ The following portions of the St. Louis Charter are invoked by plaintiffs in support of their third contention: Article XVI, Section 3, Article XV, Section 24, Article XV, Section 2, Article IV, Section 25.

In response defendants cite Article I, Sections 1 and 2, enumerating specific powers of the city and construing the scope of the grant of powers and even invoke Article XX permitting license taxes upon various businesses, including hotels, motels and restaurants. In such reliance, defendants have missed the main thrust of plaintiffs' argument under this head—unauthorized mechanics of handling and spending of monies.

Article XV, Section 24 makes the treasurer the custodian of city monies. The rule is not without exception for it is provided, "All money * * * received by any officer * * * shall be deposited daily in the treasury division unless otherwise provided by law or ordinance." Furthermore, as pointed out by counsel for the city, the ordinance under scrutiny is actually silent as to custody.

The same section directs him to pay out on warrants of the comptroller and not otherwise. Read in light of Article XV, Section 2, the comptroller will issue such warrant only after certification "by the officer having knowledge of the facts and authorized by law or ordinance."

Article IV, Section 25, requires the recommendation of the board of estimate and apportionment for an ordinance "making, changing or transferring an appropriation." Article XVI, Section 3, simply requires such board to recommend to the aldermen an annual appropriation. Plaintiffs contend that the board of estimate and apportionment did not recommend the appropriation contained in this ordinance and it is invalidated thereby.

In turn defendants assert that there is nothing in the record to substantiate want of such prerequisite recommendation. Not only is there nothing to substantiate a contention of this character, but an inference to the contrary arises from the reception in evidence of the ordinance with the col-

loquy of court and counsel agreeing to the regularity of its passage.

The ordinance is not inherently incompatible with charter requirements. It is not to be assumed that public officials have failed or will fail to perform duties enjoined upon them.

## IV

## POWER TO LEVY AND COLLECT, AS A LICENSE FEE, A TAX TO PROMOTE TOURISM

Plaintiffs contend that a license fee or tax must be for regulation and not for revenue. In this they overlook two things. First, a license tax may be imposed for revenue purposes. Edmonds v. City of St. Louis, 348 Mo. 1063, 156 S.W.2d 619. Second, in the ordinance here, the revenue tax is an additional tax to the regulatory tax, separate and distinct. Ross v. City of Kansas City, Missouri, Mo., 328 S.W.2d 610 is not apposite as to this phase of the case.

We do not agree that the promotion of tourism is unrelated to the business of restaurants and, for that matter, of hotels and motels. Restaurants doing a volume of business above the exempt amount could readily be major beneficiaries of tourism.

## V

## POWER TO TAX AT ALL TO PROMOTE TOURISM

The final substantive attack upon the ordinance is that St. Louis has no authority, constitutional, statutory, or charter, to lay and collect a tax to promote conventions and tourism. True, the Constitution of Missouri grants no such power; nor does it forbid it. The General Assembly has adopted an analogous program for the state, supported by tax money. The Charter of St. Louis does not mention conventions, tourism, nor even Kiel Auditorium, but it

does mention more than general welfare. It does so, not in a preamble, but in an enumeration of specific powers. Disregard the heading and read, "To do all things whatsoever expedient for promoting or maintaining the * * * trade, commerce or manufactures of the city or its inhabitants." Article I, Section 1(33).

Constitutional charter cities have been described as *imperium in imperio*. Whether this be a too grandiose description of the relation of such municipalities to state government need not be explored. It does suggest what is the fact—that such a municipality may legislate in a field occupied but not preempted by the state, provided the local legislation is not inconsistent with that of the state. Passler v. Johnson, Mo., 304 S.W.2d 903, 907[1]. See also Grant v. Kansas City, Mo., 431 S.W.2d 89.

The City of St. Louis has done so here. We now hold what was forecast in our previous decision in Ruggeri v. City of St. Louis, Missouri, Mo., 429 S.W.2d 765, 770. "[T]he City of St. Louis, through its official government, may provide a tax-supported scheme for advertising and promoting the city as a convention site and tourist attraction which shall be under the control and direction of the city government."

## VI

## DESIGNATION OF MAYOR AS MEMBER AND CHAIRMÁN OF BUREAU

■ The final criticism of the ordinance is that the mayor is made a member and designated as chairman of the bureau. He is clearly the chief executive officer of the city under its charter. But he is many other things under that charter—e. g., a member of the board of estimate and apportionment, and a member with voice but without vote of the board of aldermen. By state law he is a member of the board of police commissioners. His functions are variously executive, administrative and legislative.

The separation of powers demanded by Article II, Section 1, Constitution of Missouri, 1945, V.A.M.S., is not applicable.

Judgment affirmed.

HENLEY, P. J., and SEILER, J., concur.

STORCKMAN, J., not sitting.