**JIMMY SULLIVAN, as Sheriff of Dade County, Florida, v. JOHN CHARLES DeCERB.**

23 So. (2nd) 571                                                      June Term, 1945
October 26, 1945                                                      En Banc
Rehearing denied November 16, 1945

*Milam, McIlvaine & Milam,* for appellant.

*Loftin, Anderson, Scott, McCarthy & Preston* and *Tyrus A. Norwood,* for appellee.

CHAPMAN, C. J.:

A warrant issued by a Justice of the Peace of Dade County, Florida, charged the appellee, John Charles DeCerb, with the violation of Chapter 478, Fla. Stats. 1941 (FSA), being a codification of Chapter 19317, Laws of Florida, Acts of 1939. The purpose of the Act was to regulate and control the practice of photography in the State of Florida, largely upon the theory that it was such a business as was connected with the public interest and was subject to regulation and control under the police power of the Constitution.

Section 478.01, *supra,* defines photography and the practice thereof. Section 478.02 made it unlawful for a person to sell, offer for sale, or solicit orders for any product of photography unless the person was duly registered or the employee of such a registered person. Section 478.03 (FSA), requires non resident photographers to take an examination prior to transacting business in the State of Florida. Section 478.05 (FSA) exempts enumerated persons from the terms of the Act.

Section 478.06 (FSA) creates the State Board of Photographic Examiners consisting of five members to be appointed by the Governor and each residing in Florida. Each member shall have had at least five years' experience as a photographer. Section 478.07 authorizes the Board to promulgate, adopt and enforce such rules, orders and regulations as are

necessary for the enforcement of the several provisions of the Act.

Section 478.10 (FSA) authorizes the Board to hold examination and investigate the qualifications of *all* applicants desiring to practice photography in the State of Florida. It has the power to charge and collect fees of applicants desiring to take the examination. If the Board as a result of the examination, is satisfied that examinees are qualified, then a certificate of registration and license to practice photography are issued by the Board. Section 478.15 (FSA) requires licensees maintaining an established business in Florida, and who are not employees of an established place of business, to pay an annual license fee of five dollars.

Section 478.16 (FSA) authorizes the Board to revoke the license of any licensee failing to pay an annual license fee required by the terms of the Act, but procedure for revocation of licenses and reinstatement thereof is set out by the terms of Act. Section 478.22 (FSA) provides that any person violating any of the terms of the Act as defined therein shall be guilty of a misdemeanor and upon conviction be fined not less than $50.00 nor more than $250.00, etc. John Charles DeCerb, when taken into custody, by habeas corpus proceedings, challenged the constitutionality of the Act in the Circuit Court of Dade County and there his several contentions were sustained and by an appropriate order was discharged from custody. An appeal was taken to this Court as provided by Statute.

Counsel for the appellee contend that the practice of photography has no relation to the public welfare and does not affect the public interest. That the terms and provisions of the challenged Act attempting regulation have the effect of depriving the appellee of fundamental rights vouchsafed by our State and Federal Constitutions and for these reasons the Act is void, invalid and unenforceable. Counsel for appellant contend that it was competent for the Legislature to define photography; to declare that its practice had a relation to the general welfare; to provide standards of efficiency; to issue certificates to those found qualified; to collect license

fees, and enact rules and regulations for the practice of photography so as to insure high standards of those engaging in this business and serving the general public.

Counsel for appellant point out that architects, public accountants, engineers, real estate agents, dry cleaning and laundry businesses have a relation to the general welfare and public interest, and, by the same token, photography should fall within the same classification. The answer to the contention is that the line of demarkation between these several businesses, while frequently difficult to do, must be drawn at some point. It is quite true that convincing arguments can be made to the effect that the business of a blacksmith, cobbler, cook, jeweler, chauffeur, bootblack, farmer, dairyman, stenographer, teamster, and many other businesses, affect the public interest, but reputable authorities to support these several contentions are difficult to find. Persons actively engaged in a business highly regulated by a legislative enactment necessarily enjoy benefits and advantages flowing therefrom not enjoyed by those of the public who for different reasons are unable to conform with the existing regulations. It is possible for such measures to possess the essentials or elements of a monopoly.

It is settled law that a legislative declaration to the effect that a certain business is impressed with a public interest and necessitates regulation under the police power of our Constitution is by no means conclusive or binding upon the courts, but the declarations, regulations, findings, and the entire Act of the Legislature are at all times subject to judicial review. See Miami Laundry Co. v. Florida Dry Cleaning & L. Bd., 134 Fla. 1, 183 So. 759.

An examination of the applicable cases from other jurisdictions disclose that statutes similar to the one now before us are invalid and unenforceable. Different reasons are assigned for the conclusions reached. Some hold that such a statute violates the equal protection and due process clauses of the State and Federal Constitutions—while others hold that such a statute has no relation to the general welfare and does not affect the public interest and therefore an

invalid exercise of the police power. See Buehman v. Bechtel, 57 Ariz. 363, 114 Pac. (2nd) 227, 134 A.L.R. 1381; Bramley v. State, 187 Ga. 826, 2 S.E. (2nd) 647; State v. Lawrence, 213 N.C. 674, 197 S.E. 586, 116 A.L.R. 1366; State v. Harris, 216 N.C. 746, 6 S.E. (2nd) 854, 128 A.L.R. 658, 11 Am. Jr. 1147-53, par. 366-339.

Affirmed.

BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.

TERRELL, J., dissents.