STATE EX REL. TRIANGLE FUEL COMPANY v. HENRY S. CAULFIELD ET AL., Appellants.

TRIANGLE FUEL COMPANY v. CITY OF ST. LOUIS ET AL., Appellants.— Nos. 39739 and 39740.—196 S. W. (2d) 296.

Division One, July 8, 1946.

Rehearing Denied, September 9, 1946.

*George L. Stemmler,* City Counselor, *James V. Frank* and *Albert Miller,* Associate City Counselors, for appellants.

*Dubinsky & Duggan* and *Benjamin B. Tepper* for respondent.

332

■ BRADLEY, C.—These are consolidated appeals and present a question as to the constitutional validity of.a portion of a St. Louis ordinance. Case No. 39,739 is in mandamus and No. 39,740 is an injunction suit. The defendants in the mandamus case are members of the board of public service. The defendants in the injunction suit are the city, the chief of police and members of the police board.

The ordinance involved amended ordinance No. 41173, pertaining to coal dealers, and is ordinance No. 41586. The Triangle Fuel Company, plaintiff (respondent), is a coal dealer in St. Louis. Its permit as such dealer had been issued from year to year for several years. Its application for permit from April 1, 1945, to March 31, 1946, was refused and these suits were commenced. The ordinance, upon which refusal was based, was held unconstitutional, and in the mandamus case the trial court directed the board of public service to issue the permit. In the injunction suit the court held that plaintiff was entitled to the permit and enjoined the defendants from molesting or arresting plaintiff's employees for carrying on its business of coal dealer. Defendants in each case appealed.

The challenged portion of the ordinance provides that "when said (smoke) commissioner shall have found the issuance or continuance of any permit will not be consistent with the public welfare, he may disapprove any application or revoke such permit with the approval of the board of public service." The permit to plaintiff was denied on the ground that to issue such permit "would not be consistent with the public welfare."

■ In both cases plaintiff alleged: "The provision (of the ordinance) giving power to the board of public service to deny a permit according to the concept of the smoke commissioner or its own as to when consonant with the 'public welfare' is unconstitutional and void because the said section is vague, uncertain and sets up no standards and makes the issuance of a permit dependent upon the caprice and .individual impulses of the smoke commissioner and members of the board of public service without guide or limitation other than the individual opinion of the various persons as to what is at a given moment consistent with the public welfare.

"The said ordinance permits the destruction of plaintiff's lawful and well established business duly authorized by the State of Missouri, and licensed in the City of St. Louis at the whim of the commissioner of smoke regulation and the board of public service in permitting their judgment to control the continuation or closure of an established business, thereby taking property without due process in contravention of section 10 of article I of the bill of rights of the new Constitution of the State of Missouri and of Amendment 14 to the federal Constitution. The denial of a permit on the vague and uncertain grounds permitted by the ordinance and given by the board of public service will deprive petitioner of its going value and force a ruinous liquidation of its assets."

Plaintiff contends that the ordinance is unconstitutional and void because it prescribes no uniform rule of action to guide the smoke commissioner or board of public service in determining what is consistent with the public welfare, and that the power to regulate does not confer the power to prohibit, and that the ordinance denies due process. In support of these contentions plaintiff cites: Merchants Exchange et al. v. Knott et al., 212 Mo. 616, 111 S. W. 565; City of St. Louis v. Polar Wave Ice Co., 317 Mo. 907, 296 S. W. 993; Hays v. City of Poplar Bluff et al., 263 Mo. 516, 173 S. W. 676, L. R. A. 1915D, 595; Lux v. Milwaukee Mechanics Ins. Co., 322 Mo. 342, 15 S. W. (2d) 343; Cavanaugh v. Gerk, 313 Mo. 375, 280 S. W. 51; Davison v. Lill (Mo. App.), 35 S. W. (2d) 942; Ex Parte Davison, 321 Mo. 370, 13 S. W. (2d) 40.

On the other hand the city and the other defendants contend that the ordinance is valid. They argue that the ordinance is a police measure, and that it is not necessary for constitutional validity that it prescribe a rule of action (1) where it deals with a situation which requires the vesting of some discretion in public officials, as where it is difficult or impracticable to lay down a definite, comprehensive rule; (2) or where the discretion relates to the administration of a police regulation and it is necessary to protect the public morals, health, safety and general welfare; or (3) where personal fitness is a factor to be taken into consideration. Defendants cite: Ex Parte Williams, 345 Mo. 1121, 139 S. W. (2d) 485; Oakley v. Richards et al., 275 Mo. 266, 204 S. W. 505; Ballentine v. Nester, 350 Mo. 58, 164 S. W. (2d) 378; Lux v. Milwaukee Mechanics Ins. Co., supra; State ex rel. Mackey v. Hyde, 315 Mo. 681, 286 S. W. 363; City of St. Louis v. Fisher, 167 Mo. 654, 67 S. W. 872, 194 U. S. 361, 24 S. Ct. 673, 48 L. Ed. 1018; notes 12 A. L. R. 1447 and 92 A. L. R. 400.

In 43 C. J., p. 256, Sec. 258, it is said: "One of the most frequent methods used by municipal corporations for the exercise of their powers of regulation is by requiring permits to be obtained from the council or a public board or other official for the doing of certain acts, and it is generally held that such is a proper method and within

the powers of the corporation. But the grant or refusal of such permit cannot be left to arbitrary discretion, either of the council or governing body, or of some municipal board or official. Ordinances or regulations requiring permits from designated officials or boards in order to be valid must contain the conditions under which applicant is entitled to his permit; otherwise, such ordinances or regulations may amount to an unwarranted delegation of municipal powers."

In City of St. Louis v. Polar Wave Ice & Fuel Co., supra, defendant was charged with violation of an ordinance which made it a misdemeanor to establish a stable in the city for more than 10 horses without the written permission of the board of public service. It was held that the ordinance was void because an unconstitutional delegation of the city's police power contrary to Sec. 4, Art. 2, Const. 1875 (power of government and natural rights), and contrary to Sec. 30, Art. 2 (due process). In ruling the question on the constitutional validity of the ordinance the court quoted with approval the note in 12 A. L. R., 1436, as follows:

"The generally accepted rule is to the effect that a statute or ordinance which vests arbitrary discretion with respect to an ordinarily lawful business, profession, appliance, etc., in public officials, without prescribing a uniform rule of action, or, in other words, which authorizes the issuing or withholding of licenses, permits, approvals, etc., according as the designated officials arbitrarily choose, without reference to all of the class to which the statute or ordinance under consideration was intended to apply, and without being controlled or guided by any definite rule or specified conditions to which all similarly situated might knowingly conform,—is unconstitutional and void."

And the court further said [296 S. W., l. c. 996]: "An ordinance passed by the city in the exercise of this (police) power cannot be lightly disregarded. But there are restrictions upon the exercise of the power. It must be exercised reasonably, and with due regard to certainty, and to uniformity of application according to some proper standard fixed to that end by legislative authority. By the ordinance under consideration the defendant, and others falling within the class defined, must have a permit; but whether such a one may or may not have such permit is made to rest in the discretion of the board, uncontrolled, and unmeasured by reference to any test or standard provided by the ordinance. In failure of that, and within the current of the rulings of this court heretofore made, it lacked validity."

In support of the general rule as announced in the ALR note, supra, a number of cases from various jurisdictions are cited, and among these is Hays v. City of Poplar Bluff, supra. In the Hays case (en banc) the validity of a fire ordinance was in question. The court said [173 S. W. l. c. 680]:

"Our conclusion is that the ordinance in question is void because it is not within the legislative powers delegated to the city by its charter;

because it violates the fundamental principle inherent in our constitutional system that when a municipal corporation seeks by ordinance to restrict for the public good the rights of the individual otherwise incident to the ownership of property, it must do so by a rule applicable to all alike under the same circumstances, and cannot make his enjoyment of his own depend upon the arbitrary will or caprice of the municipal legislature; and because its refusal to consider applications for relief from the enforcement of its prohibitory terms, unless accompanied by the written consent of the property owners of the block, amounts to a delegation of the legislative power of the city to such property owners.''

In 2 McQuillin On Municipal Corporations (2d Ed.), Sec. 764, on the subject of reasonableness of ordinances, it is said: ''Notwithstanding express power may exist to enact, the ordinance must provide a uniform rule of action; it must contain permanent legal provisions, operating generally and impartially, for its enforcement cannot be left to the will or unregulated discretion of the municipal authorities or any officer of the corporation.'' See also Lux v. Milwaukeee Mechanics' Ins. Co.; City of St. Louis v. Polar Wave Ice Co., supra.

''The power 'to regulate' is not usually construed as conferring power to prohibit, unless in exceptional cases where it is necessary to be exercised as a police power in order to preserve the public health, morals, safety or general welfare.'' 3 McQuillin On Municipal Corporations (2d Ed.), Sec. 1090. It can hardly be said that the challenged portion of the ordinance at bar is necessary to the public health, morals, safety or general welfare.

We do not deem it necessary to review other cases cited by plaintiff, nor is it necessary to review cases relied on by defendants. Not one of them supports the validity of the challenged portion of the ordinance ▬▬▬ above quoted. That portion of the ordinance is clearly void.

The judgment in each case should be affirmed and it is so ordered. *Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.