Max B. ROSS et al., Appellants,

v.

CITY OF KANSAS CITY, Missouri, a Municipal Corporation, Respondent.

No. 47266.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1959.

W. R. Hedrick, William H. Costello, Kansas City, for appellants.

Richard H. Koenigsdorf, City Counselor, Guy W. Rice, Associate City Counselor, Kansas City, for respondent.

HYDE, Presiding Judge.

Action by persons engaged in business of installing, repairing and replacing warm air furnaces to declare unconstitutional an ordinance amending the Building Code of Kansas City, to provide for regulating the warm air heating business, and to permanently enjoin its enforcement. The court dismissed plaintiffs' petition with prejudice, in accordance with the prayer of defendant's answer, and plaintiffs have appealed. Defendant has filed a motion to dismiss this appeal, on the ground of noncompliance with Rule 1.08, Supreme Court Rules, 42 V.A.M.S., but we have decided to determine the case on the merits and this motion is overruled.

The challenged ordinance, amending Sections 5401–5405 of the Building Code, provides that every person, partnership or corporation, desiring to engage in the warm air heating business must designate some person as their authorized representative, who shall make application to the Board of Warm Air Heating Examiners, and at a time designated by that board shall undergo an examination to determine his knowledge and skill in the design and installation of warm air heating units and of the warm air heating code of Kansas City, Missouri. It provides that the applicant must pay an examination fee of $10 and a license fee of $50; and that the license shall issue for one year and may be renewed annually for a fee of $50. (Sec. 5401(3); all section references are to the Kansas City Building Code.) It also provides that any one desiring to engage in the trade of installing, erecting, altering, repairing, servicing or resetting a warm air heating unit shall make application to the aforesaid Board and pay an examination fee of $10, and undergo an examination to determine his knowledge and skill in the installation, erection, alteration, repairing, servicing and resetting of furnaces; and upon successful passing of the examination shall be issued a journeyman's license which must be renewed annually for a fee of $10. Sec. 5401(4).

Plaintiffs claim the ordinance violates the due process clause of our constitution (Sec. 10, art. I), V.A.M.S. because they say it "vests in the Board of Warm Air Heating Examiners the arbitrary power to control a lawful business without prescribing uniform rules or standards by which said power is to be exercised" and leaves the issuance of licenses to the uncontrolled discretion of the Board. They argue that Sec. 4706A, providing for the Board, and Sec. 5401, providing for examinations, provide no rules and fix no minimum grade for qualification; citing Fairmont Investment Co. v. Woermann, 357 Mo.

625, 210 S.W.2d 26; State ex rel. Triangle Fuel Co. v. Caulfield, 355 Mo. 330, 196 S.W. 2d 296; and City of St. Louis v. Polar Wave Ice & Fuel Co., 317 Mo. 907, 296 S.W. 993, 54 A.L.R. 1082. Plaintiffs point out that some provisions of the Building Code do not provide for issuing licenses when the applicant makes a grade of not less than 70%; namely, master plumbers, Sec. 4801 (3); journeyman plumbers and gas fitters, Sec. 4801(7); master pipe fitters, Sec. 4903; journeyman pipe fitters, Sec. 4905; refrigeration contractors, Sec. 5003; and master electricians, Sec. 5105. However, we note that no minimum passing grade is specified for applicants for engineers' and firemen's licenses for operating boilers and steam powered generating equipment, Sec. 4915.

■■ License taxes, as an exercise of of the police power, contravene the guaranty of due process of law "only where they are so unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily and arbitrarily interfered with or destroyed." 33 Am.Jur. 342, Sec. 20; Williams v. City of Richmond, 177 Va. 477, 14 S.E.2d 287, 134 A.L.R. 833; Annotation, 134 A.L.R. 841. There is nothing before us in this case except the Building Code itself, as plaintiffs offered no evidence to show that the examination and license charges were unreasonable or that the warm air heating business was not subject to regulation in the interest of public health, safety and welfare; nor is there anything to show what passing grade the Board requires. Sec. 4706A requires the Board to be composed of the chief warm air heating inspector, one licensed warm air heating contractor and one licensed warm air heating journeyman, who must have had at least five years' experience in the business. Their duties "consist of giving examinations and determining facts in connection with the licensing of warm air heating contractors and journeymen." Sec. 5401(3), as amended, requires a contractor applicant to "undergo an examination to determine his knowledge and skill in design

and installation of warm air heating units and his knowledge of the warm air heating code of Kansas City." (As hereinabove noted subsection 4 makes similar requirements as to journeymen.) We do not think due process is violated or that licensing is left to the uncontrolled discretion of a Board, which is composed of persons with experience in the business, required to license on the basis of giving examinations to determine applicants' knowledge and skill in this designated work. This does give standards even though it is not stated what minimum grade shall be required in such an examination. See State Board of Technical Registration v. Bauer, 84 Ariz. 237, 326 P.2d 358; State ex rel. Ludlow v. Guffey, Mo.Sup., 306 S.W.2d 552, 558. Of course, it is obvious that the grade attained in any examination may depend largely on the questions asked, which must be reasonable (53 C.J.S. Licenses § 34, p. 625), and the method of grading used. See State ex rel. Sill v. Examining Board of Master Electricians of City of Shreveport, 14 La. App. 17, 129 So. 427. Surely it is not essential to validity for such an ordinance to go into detail about the questions to be asked, or the method of grading to be used. Therefore, while grade required must be reasonable, we cannot hold it offends due process to let the Board fix it if it applies to all applicants.

■ As stated by McQuillin Municipal Corporations, 3rd Ed., Vol. 9, Sec. 26.65: "The fixing of requirements for certain licenses or permits has in some instances been delegated to administrative bodies or officials and the delegation sustained as valid where a standard is established and where the requirements administratively imposed must be governed by that standard. * * * Nor, it has been ruled, is it essential to the validity of an ordinance that it prescribe all the conditions upon which a license or permit shall be granted or refused. * * * An official or board may be empowered and required to investigate and determine whether or not an applicant has complied with prerequisites and condi-

tions to the issuance of a license, and upon the basis of such determination to issue or deny the license or permit. * * * Likewise, ordinances requiring certain knowledge, skill or information by licensees or permittees, and empowering designated boards or officials to determine whether or not applicants possess such knowledge, skill or information, have been sustained. * * An ordinance may vest authority in a board of examiners to determine the qualifications of applicants for licenses, e. g., stationary engineers, plumbers, etc." See also 38 Am.Jur. 60, Sec. 373; 53 C.J.S. Licenses § 34, p. 624. Furthermore, Sec. 5401(5) exempted persons, engaged in the business since January 1, 1956, from any examination (the ordinance was passed June 21, 1957) provided application for a license was made within 30 days after the ordinance became effective. Plaintiffs' petition states they were all engaged in the warm air heating business when the ordinance was passed and it was not shown that any of them were subject to the requirement of an examination. We, therefore, hold plaintiffs have not shown any violation of the due process clause of our constitution by the provisions of this ordinance.

■ Plaintiffs also say the amending ordinance is a special law violating Sec. 40, art. III, of our constitution, citing McKaig v. Kansas City, 363 Mo. 1033, 256 S.W.2d 815. Plaintiffs say this is true because they claim the requirements of this ordinance do not apply equally to all persons similarly situated and they point to Sec. 5401(2) (a) which provides: "Nothing in this section shall restrict or limit the right of a licensed master or journeyman plumber, licensed journeyman, gas fitter, licensed master or journeyman pipe-fitter, licensed refrigeration contractor or licensed Class I Electrician to perform any work in connection with the installation, maintenance and repair of warm air heating units which is permitted and authorized by other sections of the Building Code."

Plaintiffs argue this permits any of the trades mentioned in this subsection to install or repair warm air heating units without requiring them to have any knowledge or skill in warm air heating and without requiring such persons to be licensed as warm air heating contractors or journeymen. The City says: "This section does not authorize any of said craftsmen to install, maintain or repair warm air heating units. All it does is to protect them in the performance of their particular work which may be necessary 'in connection with' the installation of warm air heating units. In many instances no doubt electrical wiring, plumbing, gas fitting and pipe fitting would be a necessary adjunct to warm air heating units, and this work must be done by the respective craftsmen." We think this is the reasonable construction of this subsection. It limits the work such specified trades may do to work "authorized by other sections of the Building Code." Plaintiffs point to no other sections which permit these trades to install or repair warm air heating units; and the Building Code does specify the work these other craftsmen may be licensed to do. Therefore, McKaig v. Kansas City, supra, and the cases therein cited are not applicable and we hold the amending ordinance is not a special law.

■ Plaintiffs further say the amending ordinance "is arbitrary and discriminatory in that the license fees for warm air contractors and journeymen far exceed the amount charged for other similar trades." Plaintiffs do not state in their brief what section of the constitution they claim this violates, but in their petition refer to Sec. 2, art. I, stating all persons "are entitled to equal rights and opportunity under the law." However, this may also be part of their "due process" argument since plaintiffs cite Nafziger Baking Co. v. City of Salisbury, 329 Mo. 1014, 48 S.W.2d 563, in which that principle was invoked. Plaintiffs also cite City of Washington v. Reed, 229 Mo.App. 1195, 70 S.W.2d 121 (holding a license tax to be confiscatory); Edmonds v.

City of St. Louis, 348 Mo. 1063, 156 S.W.2d 619 (tax considered as a revenue measure not regulatory); and Hagerman v. City of St. Louis, 365 Mo. 403, 283 S.W.2d 623, 53 A.L.R.2d 1423 (a special law case). Plaintiffs list examination and license fees in other trades, as follows:

"Master plumber pays $10.00 for the examination fee, and $25.00 for a license, which may be renewed for a fee of $25.00. The journeyman plumber pays $5.00 for the examination and $5.00 for his annual license, Sec. 4801.

"Pipefitters pay an examination fee of $10.00, and a license fee of $5.00, and the journeyman pipefitter pays $5.00 examination fee, and $1.00 for his license, Sec. 4903.

"Refrigeration contractors pay an examination fee of $10.00 and a license fee of $5.00, Sec. 5003.

"Licensed gas-fitters pay an examination fee of $5.00, and a license fee of $5.00, a journeyman card is $1.00, Sec. 4801.

"Boilermakers pay an examination fee of $10.00 and a license fee of $5.00, Sec. 4918.

"Master Electricians' license is $75.-00 for Class I, $45.00 for Class II and $45.00 for Class III, Sec. 5105."

"A license fee charged by a city is prima facie reasonable; if the subject matter is within the power of the municipality to regulate the license regulation will be sustained unless its unreasonableness appears on the face of the ordinance or is established by extrinsic evidence, and the burden is upon one who challenges the ordinance imposing it to establish its unreasonableness and invalidity." 38 Am.Jur. 37, Sec. 348; see also 62 C.J.S. Municipal Corporations § 208, p. 388. A license fee "may properly include not only the actual cost of registration, but also any reasonable probable cost of supervision, inspection, ex-amination, or regulation which may be carried on by the municipality." 38 Am.Jur. 39, Sec. 349; as to equality and uniformity see 38 Am.Jur. 41, Sec. 351. "What would be a fair and reasonable exaction for a license or permit as to one kind of business or activity might well be considered unfair and unreasonable as to another kind." 9 Mc-Quillin 65, Sec. 26.32; see also Sec. 26.60; see also Holland Furnace Co. v. City of Chaffee, Mo.App., 279 S.W.2d 63, 68. Plaintiffs have produced no evidence of unreasonableness of the fees as applied to these different occupations and certainly unreasonableness does not appear on the face of this ordinance.

The judgment is affirmed.

All concur.