Ralph McCLELLAN et al., Appellants,

v.

KANSAS CITY, Missouri, a Municipal Corporation, et al., Respondents.

No. 49816.

Supreme Court of Missouri,

En Banc.

June 8, 1964.

502

Warren S. Earhart, Kansas City, for appellants.

Herbert C. Hoffman, City Counselor, Kansas City, M. E. Benson, L. B. Saunders, Asst. City Counselors, for respondents.

WELBORN, Commissioner.

This is an action challenging the validity, under the federal and state constitutions, of an ordinance of the City of Kansas City, requiring television and radio servicemen to procure a license.

Some time prior to July, 1960, the Council of Kansas City enacted an ordinance on the subject. This ordinance was held unconstitutional by the Jackson County Circuit Court. No appeal was taken from that judgment. Instead, a new ordinance on the subject, No. 25262, was enacted, on July 22, 1960, with an emergency clause, making it effective upon its passage. Ordinance No. 26148, enacted April 28, 1961, and effective ten days after its passage, amended No. 25262. This action attacks such ordinance, as amended.

The preamble of the July 22nd enactment recited:

"WHEREAS, the business of selling radio and television service contracts, and servicing and repairing radio and television receiving apparatus have become the subject of great abuse, with the result that the public has been and is being victimized by irresponsible sales methods, unethical and financially unstable service organizations and inferior installations, maintenance and repairs, * * *."

The ordinance made unlawful engaging in the business of servicing radio or television receiving apparatus, without a license. It provided for the issuance of licenses to service dealers and certified technicians. A service dealer was defined as a person engaged in the servicing of receiving equipment at an established business location. The holder of such a license was required to be either himself a certified technician or to have in his employment a certified technician in personal charge of all servicing of receiving equipment. A certified technician license issued to a person who passed the examination required of a craftsman for servicing radio or television receiving equipment, or both.

Applicants for certified technician licenses were required to pass an examination, conducted by a board of five members, appointed by the Mayor. The board was required to investigate the training, experience and qualifications and fitness of applicants for licenses. The board was required to prepare examinations which would be "practical in character and relate to those matters which fairly test the capacity of the applicant to engage in the business, within the scope of the license applied for." Separate licenses were authorized for

servicing both radio and television receiving equipment, servicing television equipment only and servicing radio equipment only. The board was required to conduct the examinations and to certify the names of persons who had passed examinations to the Commissioner of Revenue who issued the licenses upon payment of an annual license fee.

In the July 22nd ordinance, provision was made that any applicant for a technician license who, within 90 days after the effective date of the act, submitted a written statement, verified by two witnesses, showing that the applicant had engaged in servicing the type or types of equipment for the service of which he sought a license for two or more years prior to the ordinance's effective date, should have 50% of the total possible points added to his examination rating. (We understand the "servicing" under this provision to be experience as a service technician, not as merely a service dealer.) The amendatory ordinance made similar provision as to applicants submitting such data within seven days of its effective date.

The board was authorized by the ordinance, as amended, to "make and promulgate administrative rules and regulations necessary to make the provisions of this ordinance effective." The board was also authorized to "(d) Conduct hearings to determine whether or not a licensee has complied with the provisions of this ordinance and with the rules and regulations promulgated thereunder, and shall report its findings and recommendations to the commissioner of revenue as to suspension, revocation or renewal of the license." The Commissioner of Revenue was authorized to "suspend or revoke any license issued hereunder in accordance with the provisions of this chapter, on a finding by the board of examiners that the applicant or licensee has violated or is violating any of the provisions of this ordinance, or any of the rules and regulations which may have been promulgated thereunder by the board of examiners, or has practiced fraud upon or misrepresentation to a customer in connection with the servicing of radio or television equipment, and may also refuse to renew a license and may suspend or revoke any license issued hereunder to any partnership, firm or corporation of which any partner, officer, director or manager has violated or is violating any o. the provisions of this ordinance, or any of the rules and regulations which may have been promulgated thereunder by the board of examiners."

The ordinance exempted "service and installation of (1) industrial machines, (2) mobile equipment, (3) any radio or television equipment used or furnished by a common carrier public utility" and "(4) * * any service or installation relative to which the State of Missouri or the United States Government assumes jurisdiction."

Violation of the ordinance was made punishable by a fine of not more than $500, or imprisonment for a period of not to exceed 60 days, or by both such fine and imprisonment.

The April amendment, in addition to the "grandfather clause" above referred to, increased the board from a five to a seven-member body and terminated the appointment of the original board members 30 days after the effective date of the ordinance or upon the appointment of new members by the Mayor, whichever first occurred. Other changes are not here material.

This action was instituted as a class action by some thirty individuals engaged in the business affected by the ordinance. It was originally filed in the Jackson County Circuit Court on September 23, 1960. On February 2, 1961, a temporary injunction, restraining enforcement of the ordinance, issued. On August 10, 1961, an amended petition was filed, on which the case was tried. The defendants in the amended petition were the City of Kansas City, the Mayor, the Commissioner of Revenue, the Chief of Police and the seven members of the examining board. The petition alleged that the ordinance as amended was unconstitutional for numerous reasons. We will

consider below the objections which have been preserved in this court. After a 2-day hearing at which the court heard evidence concerning the radio and television servicing business and the operation of the ordinance, the trial court, on July 9, 1962, entered its judgment declaring the ordinance valid. After their motion for a new trial had been overruled, the plaintiffs appealed to this court. Because of the constitutional questions involved, we have jurisdiction of the appeal.

As above mentioned, the evidence at the 2-day hearing on the cause related to the conduct of the business affected by the ordinance and the operation of the ordinance. We will not attempt to summarize the evidence, but will refer to such portions of it as might bear on the questions here presented. The trial court found that the evidence showed "that the repair and servicing of radio and television equipment requires technical knowledge and special skill * * *." We accept that finding and deem it unnecessary to detail the evidence upon which it was based.

On this appeal, the appellants' objections to the ordinance are based largely upon the due process and equal protection clauses of the federal (Amendment XIV) and state (Sections 2 and 10, Article I) constitutions and the "special law" prohibition of Section 40 of Article III of the V.A.M.S. Missouri Constitution.

They first assert that the ordinance violates the federal and state due process clauses by requiring licenses for the conduct of their business because the business of servicing television and radio receiving sets "does not intimately or directly affect the public health, safety, morals or general welfare."

The Kansas City charter (Article I, Section 1) confers police power upon the City of Kansas City. This court has had numerous occasions to consider the nature and extent of such power. Marshall v. Kansas City, Mo.Sup., 355 S.W.2d 877; Ross v. Kansas City, Mo.Sup., 328 S.W.2d 610; ABC Liquidators, Inc. v. Kansas City, Mo.Sup., 322 S.W.2d 876. We are not here concerned with charter limitations upon the exercise of the power, but with constitutional limitations. Generally speaking, insofar as constitutional limitations based upon due process and equal protection are concerned, the municipal police power is equivalent to state power. 11 Am.Jur., Constitutional Law, Section 256, page 988. In ABC Liquidators, Inc. v. Kansas City, supra, this court stated: "The police power is such that any trade, calling, or occupation may be reasonably regulated in the interest of the public welfare if the general nature of the business is such that, unless regulated, many persons may be exposed to hazards and misfortunes against which the legislative body can properly protect them." 322 S.W.2d 883. Protection against fraud is a valid object of regulation under the police power. ABC Liquidators, Inc. v. Kansas City, Mo.Sup., 322 S.W.2d 883(8). The preamble to the ordinance here in question recites that preservation of public safety and prevention of fraud upon the public are matters at which the ordinance is directed. The evidence showed that there is an element of danger involved in incompetent service, particularly of television receivers. Likewise, it showed that fraud upon the public is particularly possible in such business because of the complex nature of the machines involved and the general public ignorance of their operations. Such considerations are sufficient to evoke a proper exercise of the municipal police power. The fact that the business is regarded generally as a lawful and legal business does not preclude its reasonable regulation in the public interest under the police power. ABC Liquidators, Inc. v. Kansas City, Mo.Sup., 322 S.W.2d 882(7). Nor is it necessary, as appellants state, that the particular exercise affect directly the entire public. Such a limitation would practically nullify the police power. Readey v. St. Louis County Water Co., Mo. Sup., 352 S.W.2d 622, certainly is not authority for the proposition advanced by appellants that, because everyone in Kansas

City does not own a radio or television receiver, this ordinance does not involve the public welfare. The fluoridation ordinance in that case was not upheld because everyone drinks water.

Appellants rely on cases from other jurisdictions in which courts have held unconstitutional, under due process and equal protection clauses, statutes or ordinances providing for the licensing of photographers upon examination by a licensing board. State v. Ballance (1949), 229 N.C. 764, 51 S.E.2d 731, 7 A.L.R.2d 407; Buehman v. Bechtel (1941), 57 Ariz. 363, 114 P. 2d 227, 134 A.L.R. 1374; Sullivan v. De-Cerb (1945), 156 Fla. 496, 23 So.2d 571; Bramley v. State (1939), 187 Ga. 826, 2 S.E. 2d 647; Territory v. Kraft (1935), 33 Hawaii 397; State v. Cromwell (1943), 72 N. D. 565, 9 N.W.2d 914; Wright v. Wiles (1938), 173 Tenn. 334, 117 S.W.2d 736, 116 A.L.R. 456; Moore v. Sutton (1946), 185 Va. 481, 39 S.E.2d 348; State v. Gleason, 128 Mont. 485, 277 P.2d 530. Appellants also rely on similar cases relating to the licensing of watchmakers. State ex rel. Whetsel v. Wood (1952), 207 Okl. 193, 248 P.2d 612, 34 A.L.R.2d 1321; State v. Morrow, 231 La. 572, 92 So.2d 70; Livesay v. Tennessee Board of Examiners, 204 Tenn. 500, 322 S.W.2d 209.

■ We have examined those cases and will not endeavor to distinguish them. Essentially, their philosophy is not in accord with the view of this court that determination of what considerations properly call for the exercise of the police power is primarily a legislative, not a judicial, question. Here, the Council found, and the evidence at the hearing supported such finding, that considerations of protection of the public safety and of the public from fraud necessitated the regulation undertaken. We do not substitute our opinion in such regard for that of the Council.

■ Appellants' contention that protection of the public against fraud is not a proper subject for exercise of the municipal police power because of state statutes defining the criminal offense of obtaining money or property under false pretenses (Section 561.011, RSMo 1959, V.A.M.S. Section 561.371 cited by appellants has been repealed, Laws of Mo. 1955, page 505) and false advertising (Section 561.660) is without merit. ABC Liquidators, Inc. v. Kansas City, supra.

■ We conclude that, in the exercise of its police power, the city could regulate the conduct of the business here involved and could employ licensing as a means for such regulation. Ross v. City of Kansas City, Mo.Sup., 328 S.W.2d 610. See People v. Murphy, 364 Mich. 363, 110 N.W.2d 805, 89 A.L.R.2d 1006, in which the Michigan Supreme Court upheld an ordinance of the City of Detroit, providing for licensing of television servicemen, as a police power measure.

Appellants assert that the "grandfather clause" of the ordinance, which gave, upon proper application, credit for 50% of the total examination grade for two years' experience produced an unreasonable classification of persons regulated under the law. The board of examiners required a grade of 70% on the examination as evidence of qualification for a license. By answers of the board members to interrogatories, it appears that, as of November 22, 1961, the board had certified 481 persons as having passed the required examination for licensing. Of that number, 114 had taken advantage of the service credit. Appellants state: "Since the purpose, or one of the basic purposes, of the ordinance is to require servicemen to be competent, and Section 39.1084 excepts from the application of the ordinance certain servicemen merely because they have been servicing for two years, presumably incompetently because they could not demonstrate their competence in the manner designated by the ordinance, and licenses them to continue to service, the exemption is 'not based on differences reasonably related to the purposes of the law,' and 'estab-

lishes unreasonable, arbitrary and discriminatory classifications in violation of the equal protection of the laws and due process provisions of the Federal and State Constitutions.' Southwestern Bell Telephone Co. v. Morris, 345 S.W.2d 62, 65, Mo. en banc, [85 A.L.R.2d 1033]." The case cited by appellants is one in which exemptions from the state's compensating use tax were held to have produced an unreasonable, arbitrary and discriminatory classification in violation of the equal protection and due process provisions of the federal and state constitutions. The ordinance here involved is in no manner comparable with the use tax statute.

■ The validity of "grandfather" clauses in licensing acts has been sustained against attacks on the grounds that such provisions result in unreasonable classification. State v. Hathaway, 115 Mo. 36, 21 S.W. 1081; Watson v. Maryland, 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987; see Annotation, 136 A.L.R. 207, 219. We perceive no constitutional objection to the method here employed of recognizing prior experience in the licensing process.

■ Appellants' contention that the ordinance is invalid because it fails to authorize the licensing of all persons in business at the time that it became effective is without merit. The conditions under which licenses will be granted on the basis of prior experience is a matter primarily for legislative determination. Certainly Ross v. Kansas City, Mo.Sup., 328 S.W.2d 610, 1. c. 614, in speaking of the provisions of the "grandfather clause" of the ordinance there involved, did not hold, as appellants contend, that failure to exempt from licensing requirements persons engaged in the licensed occupation at the time the ordinance was enacted is a denial of due process of law.

■ Appellants suggest that the "grandfather" clause is arbitrary and unreasonable because of the brief period (7 days) permitted by the amendatory ordinance for taking advantage of its provisions. The original ordinance permitted a 90-day period for this purpose. The amendment was, in effect, merely a brief reopening of the period. Inasmuch as the amendment was not effective for ten days after its passage, there was, in effect, a 17-day period. We cannot say that, under the circumstances of this case, such a comparatively brief limitation would be unreasonable. Even should we conclude that it was, it could be of no avail insofar as any of the appellants who claim to have been unable to take advantage of the privilege within the 7 (or 17)-day period are concerned. The invalidity of the amendatory ordinance would merely leave the original and expired 90-day limitation in effect. Preisler v. Calcaterra, 362 Mo. 662, 243 S. W.2d 62, 66(9). Certainly, a period such as that would not be unreasonable.

■ Appellants object that the singling out of radio and television repairmen for regulation and licensing, without treating similarly other repairmen, such as washing machine repairmen, automobile repairmen, etc., is arbitrary and unreasonable, rendering the ordinance void under due process and equal protection clauses. "There is no constitutional requirement that legislation must reach every class to which it might be applied—that the legislature must regulate all or none. It is not unconstitutional because it is not all-embracing, and does not include all the evils within its reach." 12 Am.Jur., Constitutional Law, Section 484, page 160. The legislative authority has the right to "classify with reference to the evil to be prevented." Patsone v. Commonwealth of Pennsylvania, 232 U.S. 138, 144, 34 S.Ct. 281, 282, 58 L.Ed. 539. The city council could reasonably conclude that the business of radio and television repairing was particularly susceptible to fraudulent practices and could so limit its regulation. ABC Liquidators, Inc. v. Kansas City, Mo.Sup., 322 S.W.2d 876, 883.

■ Nor does the exemption from the requirements of the ordinance of persons

engaged in servicing of industrial machines, mobile equipment or radio or television equipment used or furnished by a common carrier public utility affect the reasonableness of the classification under the ordinance. The ordinance was obviously designed for the protection of the ordinary householder, unfamiliar with the competency and qualifications of the person whom he selects to make the repairs. The exemptions cover operations of the type in which the owner of the equipment often regularly employs persons to perform. Such employees are selected on the basis of their ability to perform the work after consideration of their qualifications. Such exemptions are reasonable and in accord with the purpose of the ordinance.

The appellants contend that the ordinance is unreasonable and unconstitutional because it fails to take into consideration the difference between "outside men" and "bench men" in the television and radio repair business. The evidence at the hearing showed, as appellants claim, that there is a general recognition in the business of two separate categories of service work. One, performed by so-called "outside men", involves testing and changing of tubes and making minor adjustments to receiving sets in the customer's house or repairs not involving charts and schematics. Major repairs, involving charts and schematics, are made at the service dealer's place of business by "bench men." Appellants assert that the degree of skill and knowledge required of an "outside man" is much less than that required of a "bench man," but that the ordinance gives no recognition to this fact, subjecting all service technicians to the same examination.

■ There is no constitutional requirement that the ordinance recognize the distinction in the categories of work in the business regulated. The ordinance requires the examinations to be "practical in character." They are required to cover "the theory and practice of service, knowledge of the provisions of this ordinance, interpretation of charts and blueprints and plans of such service." According to the testimony at the hearing, the examinations were "designed to cover the minimum requirements for a serviceman to make home calls or do shop repair." We cannot say that the provisions of the ordinance regarding the examination to be given are unreasonable.

■ Appellants attack the ordinance for failing to establish adequate standards for the guidance of the board in performance of its duties and as thereby unconstitutionally delegating legislative authority. They point to provisions that the board consider "the experience and qualifications of the applicant," but state that the ordinance does not prescribe any standard of experience or of qualifications. They also point to the provisions authorizing the board to promulgate rules and regulations and authorizing suspension or revocation of licenses for violation of such rules and regulations. We are of the opinion that the qualification provisions of the ordinance are not defective for the reasons here urged. Ross v. City of Kansas City, Mo.Sup., 328 S.W.2d 610, 613(2–4); State ex rel. Mackey v. Hyde, 315 Mo. 681, 286 S.W. 363, 366. The authority to prescribe regulations must be exercised within the framework of the terms of the ordinance. So considered, the provision does not constitute an invalid delegation of legislative power. Ex parte Williams, 345 Mo. 1121, 139 S.W. 2d 485, 489; Borden Company v. Thomason, Mo.Sup., 353 S.W.2d 735, 758(27, 28).

■ Appellants attack the ordinance as discriminatory against licensed service dealers by requiring that they have an established place of business. A licensed service dealer is defined by the ordinance as a person engaged in the servicing of receiving equipment at "an established business location for the performance of such service." According to appellants, "some competent servicemen service radios and television receivers part time from their homes and cannot afford and do not have business

508

locations." Appellants' argument overlooks the fact that a service dealer's license is not required in order to perform servicing and repairs. All that is required for that person is a service technician's license. Appellants' argument that the ordinance makes an arbitrary, unreasonable and unusual requirement upon service dealers by requiring that such persons pass a technical examination is based upon an erroneous premise. The ordinance permits a licensed technician to obtain a service dealer's license or permit and license to be issued to a person employing a licensed technician to be in charge of service operations. No examination for the service dealer's license is required.

 The objection that, in supplanting the 5-man board under the original ordinance by a 7-man board in the amendatory one, the provisions of the city charter for removal of members of boards and commissions were not observed presents no question of due process or equal protection, as asserted by appellants. Insofar as the rights asserted by appellants are concerned, whether the act is administered by a 5 or 7-member board is of no consequence.

The appellants also assert the invalidity of the ordinance in question as a "special law", contrary to Section 40 of Article III of the Constitution of Missouri, 1945, because it does not regulate all service dealers, but only radio and television service dealers and service labor, and because of arbitrary exclusion of certain persons from the coverage of the ordinance. These objections were heretofore considered as related to the equal protection argument of appellants. We concluded that the classifications complained of were not arbitrary and unreasonable. Such conclusion also answers the objections based upon the "special law" argument. ABC Liquidators, Inc. v. Kansas City, Mo.Sup., 322 S.W.2d 876, 885(18).

We have carefully considered all of the other objections advanced by the appellants, including the objection that cer-

tain provisions of the ordinance are so vague as to render it unenforceable. We find no merit in such objections (Borden Company v. Thomason, Mo.Sup., 353 S.W. 2d 735, 756(22–24)) and conclude that the ordinance is valid and constitutional.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court en banc.

All of the Judges concur except Henley, J., not sitting.